UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

Chicago, Illinois 60604

LEONARD A. SZPLETT, an individual,

    PLAINTIFF-Appellant

VS.

KENCO LOGISTIC SERVICES, LLC, a TENNESSEE LIMITED LIABILITY COMPANY, MARS, INC., The HARTFORD, DAVID JABALEY, MARIO LOPEZ, TAMMI FOWLER, PAULA HISE, TRACE SPIER, ROBERT COFFEY, TODD MOORE, JAY ELLIOTT, DAVID CAINES, MICHAEL MANZELLO, DWIGHT CRAWLEY, and KELVIN WALSH

    DEFENDANTS-APPELLEES

Case No. 1:19 CV-02500

Judge: Gary Feinerman

## RESPONSE ON ORDER(s)

Plaintiff received in the mail on Saturday, July 31, 2021, nearly two (2) weeks later the order dated July 20, 2021, directing him to show cause for failing to respond to the June 29, 2021 order. The July 20, 2021 directed the clerk to attach the June 29, 2021, to which it was not attached.

On Monday, August 2, 2021, Plaintiff called the Clerk's office to obtain a copy of the order and as of to date has not yet been received.

1

Plaintiff in an attempt to protect his opportunity and rights to appeal Plaintiff is notifying the court of the circumstances surrounding his non-compliance to the Court's order and rules about timely responses.

Plaintiff is attempting to respond as best as possible to what the outstanding issues maybe and if he has not covered them sufficiently, Plaintiff asks the court to allow him to do so when he has the appropriate and adequate information to do so.

In summary, Plaintiff filed a motion to reconsider with the court on May 20, 2020. Plaintiff learned within days of filing his appeal, after calling the court for a disposition, that an order was made on his reconsideration on May 22, 2020.

The order denying his motion was to have been sent by mail. Plaintiff never received the May 22, 2020 order. Plaintiff not knowing what to expect in terms of response time, followed up because it seemed to him to be taking an extraordinary time to receive an answer from the court, even despite the pandemic.

It was at that time within days of learning of this Plaintiff filed his appeal with the clerk; whereby he noted that he had just become apprised that a disposition had been entered on May 22, 2020.

Plaintiff submits that these calamities of errors were not under his control and that his efforts led him to find that a disposition had been made; and within that time responded as quickly as possible to appeal the decision.

Likewise again for the fourth (4Th) time, it seems that the postal service and the mail system are failing, as the May 22, 2020 mailing was never received; the June 29, 2021 mailing was never received; the July 200, 2021 certified mailing took almost two (2) weeks to deliver

and was deficient in the materials needed for Plaintiff to respond, as well as, the August 2, 2021 mailing of the July 20, 2021 has yet to be delivered by mail.

    Plaintiff would also like to further demonstrate to this Honorable Court his commitment to seeking justice and acting in accordance with the rules. Plaintiff within his ability tries to manage and oversee those things that are in his control and within his bandwidth. For example, Plaintiff knew from reading that it was his due diligence to file a docketing statement after filing the appeal and it was also his responsibility to pay the fee within the allotted time.

    After filing the appeal, the only communication Plaintiff received from the court was on July 31, 2021. Any other information and or deadlines known to Plaintiff, Plaintiff contacted the Clerk's office to follow up to ensure that he was timely with the things that he could read or were available to apprise him of the next steps. Plaintiff only knew of the date to pay the filing fee after making contact with the Clerk's office, who initially indicated that the matter was not in the system, where she could view it. It was only after some concerted effort was she able to locate the information and provide Plaintiff with the due date to pay the filing fee.

    Plaintiff has also recently read that the Court considers such reasons as mail failure as excusable neglect; although Plaintiff is not entirely comfortable with that verbiage excusable neglect, due to the fact(s) that Plaintiff has taken this matter seriously and has tried to comply with the rules and orders of the court. However, excusable neglect is best what describes the scenario(s) at hand. *McCarty v. Astrue,* 528 F.3d 541, 544 (7th Cir. 2008); *Prizevoits v. Indiana Bell Telephone Co.,* 76 F.3d 132, 133-34 (7th Cir. 1996), and *Ramseur v. Beyer,* 921 F.2d 504, 506-07 (3d Cir. 1990), *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). 384-385. *Redfield v. Continental Cas. Co.,* 818 F.2d 596, 602-603 (7th Cir. 1987).

And for the reasons stated above, Plaintiff asks this Honorable Court to take these errors and instances that were and are out of his control under consideration in determining his eligibility to appeal the district court's May 22, 2020 decision based upon his prior rulings in similar matters with similar circumstances.

Plaintiff further submits that he does not believe that the Defendant's would be prejudiced by the appeal moving forward, as Plaintiff still has unresolved issues at the EEOC with the defendants. Additionally, Plaintiff also submits that the presentment of this motion and the appeal was not done for any ill purpose or gain and that at all relevant times Plaintiff has always acted in good faith.

Plaintiff also submits that the denial of this motion would be very prejudicial to him and cause him further irreparable harms because it would deny him his right of due process in seeking justice and relief for the adverse actions imposed upon during and after his employment with Defendants.

Plaintiff thanks the court in advance for the consideration given to him in this matter and asks this Honorable Court to allow Plaintiff's appeal to move forward.

Respectfully Submitted this 6 Day of August 2021 by:

*Leonard Szplett*

Leonard Szplett
3421 W. 1500 NW RD.
Kankakee, ILL 60901
815-212-3125
Stkbnd2000@aol.com

## CERTIFICATE OF SERVICE

I, Leonard Szplett, hereby certify that on August 6, 2021, I submitted a copy of the foregoing Plaintiff-Appellant response to the Appellate Court's order of July 20, 2021 with the Clerk of The Appellate Court for the Seventh Circuit to be electronically filed with the Clerk and have served the persons identified on the docket's service list through Notice of Electronic Filing generated by the Court's CM/ECF system:

Respectfully Submitted this 6 Day of August 2021 by:

*Leonard Szplett*

Leonard Szplett
3421 W. 1500 NW RD.
Kankakee, ILL 60901
815-212-3125
Stkbnd2000@aol.com