Case No. 21-2209

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Leonard Szplett,
Plaintiff-Appellant,
v.
Kenco Logistics Services, LLC, a Tennessee Limited Liability Company, Mars, Inc.,
The Hartford, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier,
Robert Coffey, Todd Moore, Jay Elliott, David Caines, Michael Manzello, David
Crawley, and Kelvin Walsh,
Defendants-Appellees.

---

Appeal from the United States District Court for the
Northern District of Illinois
The Honorable Gary Feinerman, Judge Presiding
Case No. 1:19-CV-02500

---

JURISDICTIONAL RESPONSE MEMORANDUM
RESPONSE BRIEF OF DEFENDANTS-APPELLEES,
KENCO LOGISTICS SERVICES, LLC, DAVID JABALEY, TAMMI FOWLER,
PAULA HISE, TRACE SPIER, JAY ELLIOTT, DAVID CAINES, MICHAEL
MANZELLO, DWIGHT CRAWLEY, AND KELVIN WALSH

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:   312.787.4949
Fax:   312.787.4995
Email:  jody.moran@jacksonlewis.com
         julia.argentieri@jacksonlewis.com
Attorneys for Defendants-Appellees
Kenco Logistics Services, LLC, David
Jabaley, Tammi Fowler, Paula Hise, Trace
Spier, Jay Elliott, David Caines, Michael
Manzello, Dwight Crawley and Kelvin Walsh

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No:     21-2209

Short Caption:     Leonard Szplett v. Kenco et. al.

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing the item #3): **Defendants-Appellees Kenco Logistics Services, LLC ("Kenco" or "the Company"), David Jabaley, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley and Kelvin Walsh (collectively "the Kenco Defendants")**

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: **Jody Wilner Moran and Julia Pearce Argentieri of Jackson Lewis P.C., appeared for the above named Defendants at the District Court.**

(3)     If the party or amicus is a corporation:

    (i)     Identify all its parent corporations, if any: **Kenco Group, Inc.**

    (ii)    list any publicly held company that owns 10% or more of the party's or amicus' stock: **None.**

Attorney's Signature: s/ Julia Pearce Argentieri     Date: August 18, 2021
Attorney's Printed Name: **Julia Pearce Argentieri**

Are you *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d)? **Yes**.

Address:     **Jackson Lewis P.C., 150 North Michigan Ave., Suite 2500, Chicago, Illinois 60601**; Phone Number: **312-787-4949** / Fax Number: **312-787-4995**

E-mail Addresses:     jody.moran@jacksonlewis.com,

    Julia.argentieri@jacksonlewis.com

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT……………………………………………….i
TABLE OF CONTENTS ................................................................................................... ii
TABLE OF AUTHORITIES ............................................................................................ iii
STATEMENT OF THE ISSUE ......................................................................................... 1
ARGUMENT ..................................................................................................................... 1

    A.   Szplett's Appeal is Untimely, and this Court is Without Authority to Extend the Time for His Appeal. .................................................................................. 2

    B.   Szplett Received Mailed Notice of the May 22, 2020 Order (Dkt. No. 84) and Failed to Appeal for Over a Year. ................................................................... 3

    C.   Fed. R. App. P. 4(a)(6) Precludes the Re-Opening of Szplett's Time to Appeal. ........... 5

    D.   Szplett Acted with Inexcusable Neglect. ........................................................ 6

CONCLUSION .................................................................................................................. 7
FED. R. APP. P. 32(a)(7)(C)(i) CERTIFICATE OF COMPLIANCE ........................................... 9
CIRCUIT RULE 25 CERTIFICATION ........................................................................ 10
CERTIFICATE OF SERVICE ........................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Armstrong v. Louden,*
    834 F.3d 767 (7th Cir. 2016) ................................................................ 6

*Bardney v. United States,*
    959 F. Supp. 515 (7th Cir. 1997) .......................................................... 4

*Burgos v. United States,*
    2021 U.S. App. LEXIS 17224 (7th Cir., March 19, 2021) ................... 6

*Chapman v. Clark,*
    2002 U.S. Dist. LEXIS 17586 (N.D. Ill. Sept. 10, 2002) .................... 6

*In re Fischer,*
    554 F.3d 656 (7th Cir. 2009) ................................................................ 3

*Huynh v. Riviera,*
    2011 U.S. Dist. LEXIS 24903 (N.D. Ill. March 10, 2011) ................. 3

*Khor Chin Lim v. Courtcall Inc.,*
    683 F.3d 378 (7th Cir. 2012) ................................................................ 4

*Maher v. Bellile,*
    2021 U.S. App. LEXIS 20571 (7th Cir., April 23, 2021) .................... 3

*McCarty v. Astrue,*
    528 F.3d 541 (7th Cir. 2008) ................................................................ 7

*Patmythes v. City of Madison,*
    2020 U.S. App. LEXIS 42336 (7th Cir., Oct. 19, 2020) ..................... 1

*Snyder v. Barry Realty, Inc.,*
    2002 U.S. Dist. LEXIS 14657 (N.D. Ill. Aug. 8, 2002) ....................... 3

## Statutes

28 U.S.C. §2107(c) .................................................................................. 1, 7

## Other Authorities

Fed. R. App. P. 4 ............................................................................ 1, 2, 4, 5, 6, 7

Fed. R. App. P. 26(b) ............................................................................................. 1, 2

Fed. R. App. P. 32(a)(7)(A) and (B) ........................................................................ 9

Fed. R. Civ. P. 6(d) ................................................................................................... 4

Fed. R. Civ. P. 77(d) ................................................................................................. 5

STATEMENT OF THE ISSUE

Whether the Court should dismiss Szplett's appeal due to lack of jurisdiction because an appeal was not timely filed.

ARGUMENT

The Court lacks jurisdiction over Szplett's appeal. *Patmythes v. City of Madison,* 2020 U.S. App. LEXIS 42336, *1 (7th Cir., Oct. 19, 2020) ("[t]he district court has not granted an extension of the appeal period, *see* Rule 4(a)(5), and this court is not empowered to do so, *see* Fed. R. App. P. 26(b)").

The Court is without jurisdiction to consider Szplett's appeal for several reasons. First, Szplett did not timely file an appeal, or request that the district court extend the time for an appeal, and this Court lacks authority to extend the time. Fed. R. App. P. 26(b). Second, the record reflects that Szplett received mailed notice of the order denying his motion for reconsideration in May 2020 and he nonetheless failed to appeal for over one year. Third, even assuming that Szplett had not received mailed notice of the order denying his motion for reconsideration, Szplett's appeal remains time-barred under the plain language of Fed. R. App. P. 4(a)(6) and 28 U.S.C. §2107(c). Finally, Szplett's assertion that he acted with "excusable neglect" is contradicted by the facts. Szplett cannot not overcome the federal rules and statutes barring his untimely appeal.

On May 22, 2020, the District Court denied Szplett's motion for reconsideration, finding that the motion offered no grounds to reconsider the Court's earlier dismissal of his claims. (Dkt. No. 84). The docket reflects that the Court clerk mailed notice of the ruling to Szplett at his address on file, 3421 W. 1500 North Road, Kankakee, Illinois 60901. (*Id.*). The pertinent docket entry is included below:

| 05/22/2020 | 84 | MINUTE entry before the Honorable Gary Feinerman:Motion for reconsideration 83 is denied. To the extent Plaintiff's motion presses arguments that he did not present in opposing dismissal, those arguments are forfeited. And forfeiture aside, the motion offers no grounds on which to reconsider the court's dismissal of Plaintiff's claims.Mailed notice. (jlj, ) (Entered: 05/22/2020) |

Over thirteen months later, on June 28, 2021, Szplett filed a notice of appeal. (Dkt. No. 85).

### A. Szplett's Appeal is Untimely, and this Court is Without Authority to Extend the Time for His Appeal.

Federal Rule of Appellate Procedure 26(b) provides that the Appellate Court may not extend the time for filing a notice of appeal, except as authorized by Fed. R. App. P. 4.

Sub-parts 4(a)(5) and 4(a)(6) set forth the very limited circumstances when the district court—not the appellate court—may either extend, or re-open, the time period within which a party may file an appeal.

The record reflects that Szplett's time for filing an appeal was never extended, nor re-opened by the district court. And Szplett filed his appeal over a year after the

order denying reconsideration was entered by the district court on May 22, 2020. (Dkt. No. 84). Accordingly, Szplett's appeal is untimely.

The Court has repeatedly instructed that where the district court has not granted an extension of the appeal period, this court lacks power to do so. *See Maher v. Bellile,* 2021 U.S. App. LEXIS 20571, *1 (7th Cir., April 23, 2021); *see also, In re Fischer,* 554 F.3d 656, 657 (7th Cir. 2009) (denying request to re-open appeal filed with the wrong court). Szplett's appeal therefore should be dismissed due to lack of jurisdiction. No further inquiry is necessary.[1]

### B. Szplett Received Mailed Notice of the May 22, 2020 Order (Dkt. No. 84) and Failed to Appeal for Over a Year.

As a threshold matter, Szplett's unverified assertion that he never received notice of the order denying his motion for reconsideration is rebutted by the docket entry showing that such order was mailed to him at the correct address. (Dkt. No. 84). The Northern District court has repeatedly expressed skepticism that a party "did not receive" an order in circumstances where the court clerk mailed the order to the plaintiff at the correct address, reasoning, "[t]he docket reflects that the clerk's office mailed the orders, and there is a presumption that properly addressed mail is delivered." *Snyder v. Barry Realty, Inc.,* 2002 U.S. Dist. LEXIS 14657, *6 (N.D. Ill. Aug. 8, 2002); *see also, Huynh v. Riviera,* 2011 U.S. Dist. LEXIS 24903, *4 (N.D. Ill. March 10, 2011) ("And in regard to docket entry 73, Plaintiff's contention that she

---

[1] It is ultimately a question for the district court whether Szplett could re-open his time to appeal, and Szplett has not brought such question before the district court. But Appellees seek to introduce all available defenses to Szplett's untimely appeal to preserve such arguments and furthermore, to establish why Szplett cannot continue to litigate this issue because it is plainly barred by the federal rules and statutes.

never received a copy is a mystery, because the docket entry itself indicates that the Clerk's Office 'mailed notice' to all parties of record, which would include Plaintiff.").

Szplett lacks admissible evidence via sworn statement that he never received the Court's May 22, 2020 order. Notably, if Szplett received the order at his home but did not open it, the order was deemed received when it arrived at his house, regardless of whether he opened his mail. *See Khor Chin Lim v. Courtcall Inc.,* 683 F.3d 378, 380 (7th Cir. 2012). Szplett cannot avoid significant litigation deadlines by misplacing, or refraining from opening, his mail.

Accordingly, Szplett is unable to rebut the strong presumption[2] that he received the May 22, 2020 order three days after it was mailed to him, on May 25, 2020. (Dkt. No. 84). Fed. R. Civ. P. 6(d). Thus, Szplett's time to file an appeal expired 30 days after the entry of that order, on June 22, 2020. Fed. R. App. P. 4(a)(1)(A). Szplett's appeal is untimely and there is no basis to extend his time to appeal.

---

[2] The U.S. mail system is not perfect but it is also not typical that one person would have so many mysterious problems with U.S. mail over the course of one litigation. Indeed, Szplett's argument that he did not receive the May 22, 2020 order is particularly incredible and perplexing given that he is likewise arguing that numerous other orders were not mailed to him, in a similar attempt to justify why he also failed to comply with subsequent court-ordered deadlines, including failing to timely file his jurisdictional memorandum. As the Court has explained in other decisions, "the 'I didn't receive notice' defense doesn't work in federal court. Were it to work, any disingenuous attorney [or party] could delay, or even preclude, compliance with a court order by asserting a justification akin to the 'ostrich defense…'" *Bardney v. United States*, 959 F. Supp. 515, 522-523 (7th Cir. 1997).

### C. Fed. R. App. P. 4(a)(6) Precludes the Re-Opening of Szplett's Time to Appeal.

Even assuming *arguendo* that Szplett did not receive a copy of the May 22, 2020 order when the Court mailed it—which Appellees deny for the reasons previously discussed in Section B, *supra*—his appeal fares no better. The fact remains that Szplett cannot file an appeal over a year after the district court's May 22, 2020 order denying his motion for reconsideration.

Indeed, Fed. R. App. P. 4(a)(6) exists precisely to govern situations like what Szplett is alleging occurred. The rule states:

> **(6)** *Reopening the Time to File an Appeal.* **The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:**
>
> **(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;[3]**
>
> **(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and**
>
> **(C) the court finds that no party would be prejudiced.**

Fed. R. App. P. 4(a)(6).

Based on the plain language of the rule, Fed. R. App. P. 4(a)(6) does not allow the district court to reopen the time for an appeal unless all three conditions are satisfied.

Here, Szplett filed the appeal more than 180 days after the May 22, 2020 order, so he is outside the time period within which district court could re-open the time for

---

[3] For the reasons discussed in Section B, *supra,* it is highly questionable whether Szplett did not receive notice of the May 22, 2020 order. But regardless, the Court need not wrestle with that question, because the remaining criteria under Fed. R. App. P. 4(a)(6)(B) cannot be met, and therefore Szplett's time to appeal cannot be re-opened.

an appeal, even if sub-parts (A) and (C) were otherwise satisfied. Fed. R. App. P. 4(a)(6)(B). *See Armstrong v. Louden,* 834 F.3d 767, 770 (7th Cir. 2016) (district court lacks authority to reopen time to appeal if Rule 4(a)(6) time limits are not met); *Burgos v. United States,* 2021 U.S. App. LEXIS 17224, *2 (7th Cir., March 19, 2021) (dismissing untimely appeal for lack of jurisdiction); *Chapman v. Clark,* 2002 U.S. Dist. LEXIS 17586, *3 (N.D. Ill. Sept. 10, 2002) (explaining that Rule 4(a)(6) does not give district court judges carte blanche to allow untimely appeals, and a district judge must make specific findings that all three conditions have been satisfied).

Finally, Szplett's assertion that no party would be prejudiced by his extraordinarily late appeal is inaccurate. Szplett last worked for Kenco more than six years ago. With each passing year, it becomes increasingly difficult for Kenco to track down witnesses who are, in many cases, no longer employed by the company. Appellees were aware that Szplett's time to appeal expired. Acting in reliance on that fact, appellees have not continued to stay in contact with certain potential key witnesses during the last year, hampering the ability to present evidence and defend litigation. *See* Fed. R. App. P. 4(a)(6) *cmte. notes* ("Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.").

### D. Szplett Acted with Inexcusable Neglect.

The sparse legal authority relied upon by Szplett fails to address any of the pertinent federal rules or statues plainly precluding an extension of his time to appeal. Instead, Szplett argues that his time to appeal should be extended because

he acted with "excusable neglect." *See, e.g., McCarty v. Astrue,* 528 F.3d 541, 544 (7th Cir. 2008). But Szplett's neglect was not excusable—it was inexcusable. He failed to monitor his case for over a year, and did not merely miss a deadline by a few days or weeks. This is precisely why Fed. R. App. P. 4(a)(6)(B) was drafted in a way that forecloses the possibility of re-opening an appeal when the party neglects to monitor the case for over six months, or in this instance, over a year.

Not only that, but the "excusable neglect" standard, as set forth in Fed. R. App. P. 4(a)(5) does not apply, because the time to file Szplett's appeal expired more than 30 days ago, and therefore, any request to re-open the time to appeal is governed by Fed. R. App. P. 4(a)(6) instead of 4(a)(5). The pertinent rules, statutes, and controlling case law all conclusively bar his appeal from proceeding over a year late. Fed. R. App. P. 4(a)(6) and 28 U.S.C. §2107(c).

## CONCLUSION

Szplett's appeal is time-barred and, therefore, the Court lacks jurisdiction to consider it. The Court further is not empowered to extend the time for Szplett's untimely appeal, and thus, his appeal should be dismissed. Fed. R. App. P. 4(a)(6) and 28 U.S.C. §2107(c).

|  |  |
|---|---|
| Dated:  August 18, 2021 | **Kenco Logistics Services, LLC, David Jabaley, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley and Kelvin Walsh** |
|  | By: s/   Julia Pearce Argentieri<br>　　　One of Their Attorneys |

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:    312.787.4949
Fax:   312.787.4995
Email: Jody.Moran@jacksonlewis.com
　　　 Julia.Argentieri@jacksonlewis.com

8

# FED. R. APP. P. 32(a)(7)(C)(i) CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C)(i), the undersigned certifies that the foregoing Brief for Appellee complies with the format and volume requirements of Fed. R. App. P. 32(a)(7)(A) and (B), and Seventh Circuit Rule 32. The brief is less than 30 pages and the word count feature of the word processor used to prepare this brief indicates this brief contains 1976 words in combined text and footnotes, excluding Table of Contents, Table of Authorities, Rule 26.1 Certificate of Interest, and the Certificates of Compliance.

Dated: August 18, 2021

Kenco Logistics Services, LLC, David Jabaley, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley and Kelvin Walsh

By: s/ Julia Pearce Argentieri
       One of Their Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:   312.787.4949
Fax:   312.787.4995
Email: Jody.Moran@jacksonlewis.com
       Julia.Argentieri@jacksonlewis.com

## CIRCUIT RULE 25 CERTIFICATION

Pursuant to Seventh Circuit Rule 25, a digital version of this brief, in Portable Document Format (*.pdf), has been uploaded on August 18, 2021 to the Court's website at http://www.ca7.uscourts.gov and thus served on all counsel of record.

| | |
|---|---|
| Dated:  August 18, 2021 | Kenco Logistics Services, LLC, David Jabaley, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley and Kelvin Walsh |
| | By: s/   Julia Pearce Argentieri |
| | One of Their Attorneys |

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:    312.787.4949
Fax:    312.787.4995
Email: Jody.Moran@jacksonlewis.com
          Julia.Argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Julia Pearce Argentieri, an attorney, certify that on August 18, 2021, and in addition to electronic filing pursuant to Circuit Rule 25, I served two true and correct copies of the Brief of Defendants-Appellees upon counsel of record via Fed Ex and U.S. Mail, first-class postage prepaid, and email, addressed as follows:

Leonard Szplett<br>
3421 W. 1500 North Road<br>
Kankakee, IL 60901<br>
Stkbnd2000@aol.com

s/ Julia Pearce Argentieri
Julia Pearce Argentieri