No. 21-2209

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

---

| | |
|---|---|
| LEONARD A. SZPLETT, and individual, ) | |
| ) | **Appeal from the United States** |
| Plaintiff-Appellant, ) | **District Court for the Northern** |
| ) | **District of Illinois, Eastern Division.** |
| v. ) | |
| ) | |
| KENCO LOGISTIC SERVICES, LLC, a ) | **No. 1:19-cv-02500** |
| TENNESSEE LIMITED LIABILITY ) | **Judge Gary Feinerman** |
| COMPANY, MARS, INC., THE ) | |
| HARTFORD, DAVID JABALEY, MARIO ) | |
| LOPEZ, TAMMI FOWLER, PAULA HISE, ) | |
| TRACE SPIER, ROBERT COFFEY, TODD ) | |
| MOORE, JAY ELLIOTT, DAVID CAINES, ) | |
| MICHAEL MANZELLO, DAVID ) | |
| CRAWLEY, and KEVIN WALSH ) | |
| ) | |
| Defendants-Appellees. ) | |

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division
No. 1:19-cv-025200
The Honorable Gary Feinerman, Judge Presiding

---

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S RESPONSE TO
PLAINTIFF-APPELLANT'S AUGUST 6, 2021 RESPONSE ON ORDER(S)**

---

CHITTENDEN, MURDAY & NOVOTNY LLC
Joseph R. Jeffery
303 W. Madison Street, Suite 2400
Chicago, Illinois 60606
Ph: (312) 281-3639
Fax: (312) 281-3678
Email: jjeffery@cmn-law.com
Attorneys for Hartford Life and Accident
Insurance Company, erroneously
identified by Appellant as "The Hartford"

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 21-2209

Short Caption: Leonard Szplett v. Kenco Logistics Services, LLC, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

        ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Hartford Life and Accident Insurance Company, erroneously identified as "The Hartford"

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Joseph R. Jeffery, Chittenden, Murday & Novotny LLC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        Hartford Life and Accident Insurance Company

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        none

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: /s/ Joseph R. Jeffery    Date: August 18, 2021

Attorney's Printed Name: Joseph R. Jeffery

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ☑  **No** ☐

Address: 303 W. Madison Street, Suite 2400

    Chicago, Illinois 60606

Phone Number: (312) 281-3600    Fax Number: (312) 281-3678

E-Mail Address: jjeffery@cmn-law.com

rev. 12/19 AK

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES .......................................................................... ii

STATEMENT OF THE ISSUE ....................................................................... 1

I.　INTRODUCTION ................................................................................ 1

II.　RELEVANT PROCEEDINGS ............................................................. 1

III.　ARGUMENT .................................................................................... 4

　　A.　This Court Lacks Appellate Jurisdiction Over Mr. Szplett's Untimely Appeal ............................................................................... 4

　　B.　Mr. Szplett's "Excusable Neglect" Argument is Moot Because § 2107(c) and Rule 4(a)(5) Do Not Apply ........................................ 5

　　C.　Mr. Szplett Has Not Established Good Cause for His Failure to Timely Respond to this Court's June 29, 2021, Order ................. 7

IV.　CONCLUSION .................................................................................. 8

FED. R. APP. P. 32(a)(7)(C)(i) CERTIFICATE OF COMPLIANCE .................... 9

CIRCUIT RULE 25 CERTIFICATION ......................................................... 10

CERTIFICATE OF SERVICE ..................................................................... 11

APPENDIX OF EXHIBITS ......................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Bowles v. Russell,*
551 U.S. 205 (2007) ....................................................................................... 4-5

*In re WorldCom, Inc.,*
708 F.3d 327 (2d Cir. 2013) ............................................................................ 6

*McCarty v. Astrue,*
528 F.3d 541 (7th Cir. 2008) .......................................................................... 6

*Margoles v. Johns,*
798 F.2d 1069 (7th Cir. 1986) ........................................................................ 6

*Redfield v. Continental Cas. Corp.,*
818 F.2d 596 (7th Cir. 1987) ......................................................................... 5-6

## Rules & Statutes

Fed. R. App. P. 4(a) ....................................................................................... 4-5

Fed. R. App. P. 4(a)(5) .................................................................................. 5, 7

Fed. R. App. P. 4(a)(5)(A) ............................................................................. 5

Fed R. App. 4(a)(5)(C) ................................................................................. 4-5

28 U.S.C. §2107(c) ....................................................................................... 5-6

## STATEMENT OF THE ISSUE

Whether this appeal should be dismissed for lack of jurisdiction due to Appellant's untimely filing of his notice of appeal.

## I.      INTRODUCTION

Mr. Szplett has missed by more than one year the deadline for appealing the district court's order denying his Motion to Reconsider to Amend or Alter Judgment. He erroneously argues that his untimely filing can be deemed timely because he is the purported victim of a "mail system failure" that deprived him of mailed notice of the district court's order. His assertion strains credulity, particularly in light of the fact that the same mail system reliably delivered every other order, minute entry, motion, and brief mailed to Mr. Szplett during the course of the proceedings before the district court.

A timely-filed notice of appeal is necessary to establish this Court's jurisdiction over Mr. Szplett's appeal. Mr. Szplett's assertion about a "mail system failure" is not relevant because even it was true there is no mechanism under federal statutes or the Federal Rules of Appellate Procedure by which his untimely notice of appeal could be made timely. This Court, therefore, should dismiss Mr. Szplett's appeal for lack of jurisdiction.

## II.      RELEVANT PROCEEDINGS

Mr. Szplett filed his original Complaint on April 12, 2019. (Copy of the electronic docket for proceedings before the district court is attached hereto as Exhibit A, Dkt. #1).[1] He subsequently filed an Amended Complaint, which the defendants moved to dismiss. (Exhibit A, Dkt. #s 23, 25, 27, 28, 32, 33). The certificates of service attached to the defendants' motions and memoranda stated that the documents were mailed to Mr. Szplett at the address on file with the Clerk's Office:

---

[1] "Dkt. #_" is a reference to the document number listed in the District Court's electronic docket for Case No. 19-cv-2500.

3421 W. 1500 North Rd., Kankakee, IL 60901. (Certificates of Service for Dkt. #s 23, 25, 27, 28, 32, 33 are attached hereto as Exhibit B). Mr. Szplett received the motions and memoranda as evidenced by his written responses opposing them. (Exhibit A, Dkt. #s 41, 42, 43).

The district court granted the defendants' motions to dismiss in an Order dated September 19, 2019, but it also gave Mr. Szplett leave to file a Second Amended Complaint ("SAC"). (Exhibit A, Dkt. # 52). The Clerk's Office mailed that Order to Mr. Szplett. (Exhibit A, Dkt. #52). The fact that Mr. Szplett timely filed his SAC on October 17, 2019, shows that Mr. Szplett received the mailed Order. (Exhibit A, Dkt. #53).

The defendants moved to dismiss the SAC and, once again, served Mr. Szplett with copies of the same by mail. (Certificates of Service for Dkt. #s 55, 56, 58, 59, 61, 62 are attached hereto as Exhibit C). The district court entered a briefing schedule in an Order dated November 5, 2019, and the Clerk's Office mailed a copy of that Order to Mr. Szplett. (Exhibit A, Dkt. # 64). Mr. Szplett's receipt of the mailed Order is established by the fact that he filed a motion seeking an extension of time to respond to the motions. (Exhibit A, Dkt. # 65). The court granted Mr. Szplett's motion and set a new briefing schedule. (Exhibit A, Dkt. # 66). The Clerk's Office mailed the Order to Mr. Szplett, which Mr. Szplett evidently received as he filed his responses within the time period prescribed in the Order. (Exhibit A, Dkt. #s 66-69).

The defendants timely filed reply briefs in support of their motions to dismiss and mailed copies of the same to Mr. Szplett. (Exhibit A, Dkt. #s 70-72; Certificates of Service for Dkt. #s 70-72 are attached hereto as Exhibit D). The district court heard oral argument on the motions on January 15, 2020. (Exhibit A, Dkt. #73). At no time during oral argument did Mr. Szplett advise that he did not receive the reply briefs served on him by mail.

The district court granted the defendants' motions to dismiss in a Minute Entry and a

separate Memorandum Opinion and Order dated April 22, 2020. (Exhibits E and F). The court entered judgment the same day. (Exhibit G). Copies of all three documents were mailed to Mr. Szplett by the Clerk's Office. (Exhibit A, Dkt. #s 80-82). Mr. Szplett's filing on May 20, 2020, of a motion asking the court to reconsider the April 22 orders and judgment evidences his receipt of those mailed documents. (Exhibit A, Dkt. # 83). In a Minute Entry dated May 22, 2020, the district court denied Mr. Szplett's Motion to Reconsider to Amend or Alter Judgment, and the Clerk's Office mailed a copy of the same to Mr. Szplett. (Exhibit H).

Thirteen months later, on June 28, 2021, Mr. Szplett filed his "Notice to Appeal." (Exhibit I). In it, he advised that he "just became aware on June 22, 2021, of the order entered on May 22, 2020" denying his Motion to Reconsider. (Exhibit I). In an Order dated June 29, 2021, this Court observed that Mr. Szplett's notice of appeal was "over one year late," and it ordered him to file on or before July 13, 2021, "a brief memorandum stating why [the] appeal should not be dismissed for lack of jurisdiction." (Exhibit J). When Mr. Szplett did not file the memorandum, this Court issued another Order dated July 20, 2021, ordering him to file a response showing cause for his failure to respond to the June 29, 2021, Order. (Exhibit K).

Mr. Szplett's "Response on Orders" asserts that he never received the June 29 Order or the May 22, 2020, Order denying his Motion to Reconsider. (Response, p. 2). He maintains that he learned of the Order denying his Motion to Reconsider on June 22, 2021, "after calling the court for a disposition." (Response, p. 2; Exhibit I, n.1).

There are no entries in the electronic docket reflecting the proceedings before the district court that state that any of the orders, minute entries, motions, or briefs mailed to Mr. Szplett were returned to the court or any to other sender as undeliverable.

# III.     ARGUMENT

## A.     This Court Lacks Appellate Jurisdiction Over Mr. Szplett's Untimely Appeal.

Mr. Szplett's Notice to Appeal was 372 days late. According to 28 U.S.C. § 2107 and Rule 4 of the Federal Rules of Appellate Procedure, this Court lacks jurisdiction over the untimely appeal. Mr. Szplett's appeal, therefore, should be dismissed.

"Congress decides what cases the federal courts have jurisdiction to consider," and "it can also determine when, and under what conditions, federal courts can hear" those cases. *Bowles v. Russell*, 551 U.S. 205, 213 (2007). "[W]hen Congress prohibits federal courts from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed from final judgment," "it is no less 'jurisdictional'" than when it limits the federal courts' subject matter jurisdiction over other "classes of cases." *Id.*

Congress limited the circumstances under which a "judgment, order or decree in an action, suit or proceeding of a civil nature" can be brought "before a court of appeals for review." 28 U.S.C. § 2107(a). A federal court of appeals can only review a judgment in a civil case where a notice of appeal is filed within 30 days of the entry of the judgment being appealed. *Bowles*, 551 U.S. at 208 (citing 28 U.S.C. § 2107(a)); *see also* Fed. R. App. P. 4(a). By operation of 28 U.S.C. § 2107(a) and Rule 4(a) of the Federal Rules of Appellate Procedure,[2] "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Id.* at 214.

The math here is simple. After the district court entered its May 22, 2020, Order denying Mr. Szplett's Motion to Reconsider, Mr. Szplett had until June 21, 2020, to file his notice of appeal. Because he did not do so by that date, Mr. Szplett's appeal is untimely, and this Court should dismiss it for lack of jurisdiction.

---

[2] "Rule 4 of the Federal Rules of Appellate Practice carries § 2107 into practice." *Bowles*, 551 U.S. at 208.

**B.     Mr. Szplett's "Excusable Neglect" Argument Is Moot Because § 2107(c) and Rule 4(a)(5) Do Not Apply.**

Mr. Szplett erroneously argues that his appeal can be salvaged if he can establish that his failure to timely file a notice of appeal was due to "excusable neglect." (Response, p. 3). The excusable-neglect standard is a creature of § 2107(c) and Rule 4(a)(5), neither of which are applicable here. Both provisions give *district courts* limited authority to extend the time for filing an appeal.[3] 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5); *see also Bowles*, 551 U.S. at 208. The provisions allow a district court to extend the time for filing an appeal, but only "upon a motion filed not later than 30 days after the expiration of the time otherwise set for bringing an appeal" and only "upon a showing of excusable neglect or good cause."[4] 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(5)(A). Furthermore, the appeal period may not be extended more 60 days after the entry of the final judgment or 14 days after the date the motion is granted, whichever is later. Fed. R. App. P. 4(a)(5)(C).

Mr. Szplett's "excusable neglect" argument is irrelevant because he never filed a motion in the district court seeking an extension of time to file his notice of appeal. Mr. Szplett cannot file such a motion now, of course, because § 2107(c) and Rule 4(a)(5) only authorize extensions of the appeal period in response to motions filed within 60 days of the date the order being appealed was entered. 28 U.S.C. §2107(c); Fed. R. App. P. 4(a)(5)(A). And even if Mr. Szplett had filed such a motion, no district court could have extended the time for him to file his notice of appeal to June

---

[3] As this Court observed in its June 29 Order, it is not empowered to grant extensions of the appeal period, citing Fed. R. App. P. 4 and 26(b). (Exhibit I).

[4] "The Advisory Committee notes [to Fed. R. App. P. 4(a)(5)] indicate that 'excusable neglect' is the appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, while 'good cause' is the appropriate standard in cases in which the appellant seeks an extension of time before the expiration of the initial thirty-day period." *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 601 (7th Cir. 1987).

28, 2021. 28 U.S.C. §2107(c); Fed. R. App. P. 4(a)(5)(C). Mr. Szplett's argument that his untimely notice of appeal is due to "excusable neglect" is irrelevant because, even if he could establish it (which he cannot), his appeal cannot be made timely under § 2107(c) or Rule 4(a)(5).

It bears noting that Mr. Szplett's neglect in this case could never be deemed "excusable." None of the factors courts consider when evaluating assertions of excusable neglect favor Mr. Szplett. Considering the extended amount time that has elapsed since the judgment, Hartford would be prejudiced if Mr. Szplett's appeal were to go forward. *See McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008). When a final judgment is not appealed, clients and lawyers close their files, issue and pay final invoices, zero out litigation budgets, and turn their time, attention, and resources to other matters. This Circuit's strong policy favoring the finality of judgments recognizes this. *See Margoles v. Johns*, 798 F.2d 1069, 1072 (7th Cir. 1986) ("There is, of course, a strong policy favoring the finality of judgments: '[j]udgments in civil cases fix the rights of parties and entitle them to go about their lives [and] may be reopened only for extraordinary reasons.'"). Resurrecting Mr. Szplett's right to appeal would undermine that policy and prejudice Hartford.

Also, Mr. Szplett is to blame for the untimely filing of his notice of appeal. *See McCarty*, 528 F.3d at 545. A mailed "[n]otification by the clerk is merely for the convenience of the litigants." *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 603 (7th Cir. 1987) (quoting Advisory Committee Note to amended Fed. R. Civ. P. 77(d)). Like all litigants, Mr. Szplett was ultimately responsible for monitoring the status of his case, and that includes monitoring the docket for his case. *In re WorldCom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013) (noting that all litigants "have a responsibility to monitor the docket for the entry of orders they may wish to appeal."). Mr. Szplett had the tools he needed to determine the status of his Motion to Reconsider. His Response confirms

6

he called the Clerk's Office to learn about the Order denying his Motion to Reconsider. (Response, p. 2). Thus, he knew how to obtain information concerning the district court's rulings when he wanted. Why he neglected his responsibility to monitor the status of his case for 13 months following the filing of his Motion to Reconsider is a mystery, and it is not excusable.

Finally, it is fair to question the good faith of Mr. Szplett's explanation for his untimely notice of appeal. As recounted above, dozens of orders, minute entries, motions, and briefs were mailed to and received by Mr. Szplett during the proceedings before the district court. In the face of that experience, Mr. Szplett's argument that the "mail system" just happened to fail when it came time to deliver the order he needed to initiate his appeal strains credulity.[5]

Mr. Szplett's excusable-neglect argument does not salvage his appeal. The appeal period cannot be extended under § 2107 or Fed. R. App. P. 4(a)(5), so there is no need to reach Mr. Szplett's unfounded assertion that his neglect was excusable. This Court, therefore, should reject Mr. Szplett's excusable-neglect argument as irrelevant.

**C.   Mr. Szplett Has Not Established Good Cause for His Failure to Timely Respond to this Court's June 29, 2021, Order.**

Mr. Szplett's dubious assertions about "mail system failures" do not establish good cause for ignoring the Court's June 29 Order directing him to file a memorandum explaining why he believes his appeal should not be dismissed for lack of jurisdiction. Mr. Szplett was responsible for monitoring the progress of the litigation (and appeal) he initiated, and his failure to do so does not equate to good cause that excuses his failure to timely respond to the Court's Order.

---

[5] Mr. Szplett asserts the same argument in response to the Court's order to show cause as to why he did not respond to its June 29 Order directing him to submit a Jurisdictional Memorandum stating why his appeal should not be dismissed for lack of jurisdiction. (Response, p. 3). [Mail claims dubious]; [Duty to monitor]; [Cause for not responding not established].

## IV.     CONCLUSION

Mr. Szplett's notice of appeal in this civil case was more than a year late and cannot be made timely. As a result, this Court lacks jurisdiction over Mr. Szplett's appeal and should dismiss the appeal with prejudice.

Respectfully submitted,

/s/ Joseph R. Jeffery
Attorney for the Defendant-Appellee,
Hartford Life and Accident Insurance Company,
(erroneously identified by Appellant as "The Hartford")
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)
jjeffery@cmn-law.com

## **FED. R. APP. P. 32(a)(7)(C)(i) CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7)(C)(i), the undersigned certifies that the foregoing Brief for Appellee complies with the format and volume requirements of Fed. R. App. P. 32(a)(7)(A) and (B), and Seventh Circuit Rule 32.  The brief is less than 30 pages and the word count feature of the word processor used to prepare this brief indicates this brief contains 2,522 words in combined text and footnotes, excluding Table of Contents, Table of Authorities, Rule 26.1 Certificate of Interest, and the Certificate of Compliance.

Dated: August 18, 2021                    Hartford Life and Accident Insurance Company

By: /s/ Joseph R. Jeffery
                    One of Its Attorneys

## <u>CIRCUIT RULE 25 CERTIFICATION</u>

Pursuant to Seventh Circuit Rule 25, a digital version of this brief, in Portable Document

Format (*.pdf), has been uploaded on August 18, 2021 to the Court's website at

http://www.ca7.uscourts.gov and thus served on all counsel of record.

Dated: August 18, 2021                          Hartford Life and Accident Insurance Company


                                   By: /s/ Joseph R. Jeffery
                                        One of Its Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2021, I electronically filed the foregoing Response to Plaintiff-Appellant's August 6, 2021 Response On Order(s), with the United States Court of Appeals for the Seventh Circuit using the court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois  60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)
jjeffery@cmn-law.com

APPENDIX OF EXHIBITS

Civil Case Docket Report ................................................................................... A

Certificates of Service for Dkt. #s 23, 25, 27, 28, 32, 33 ............................... B

Certificates of Service for Dkt. #s 55, 56, 58, 59, 61, 62 ............................... C

Certificates of Service for Dkt. #s 70-72 ....................................................... D

Minute Entry granting Defendants' Motions to Dismiss ................................. E

Memorandum Opinion and Order dated April 22, 2020 .................................. F

Judgment entered April 22, 2021 ..................................................................... G

Order Denying Motion to Reconsider .............................................................. H

Notice of Appeal ............................................................................................... I

June 29, 2021 Order .......................................................................................... J

July 20, 2021 Order .......................................................................................... K

# Exhibit A

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:19-cv-02500

Szplett v. Kenco Logistic Services, LLC et al
Assigned to: Honorable Gary Feinerman
Case in other court: 21-02209
Cause: 18:1961 Racketeering (RICO) Act

Date Filed: 04/12/2019
Date Terminated: 04/22/2020
Jury Demand: Both
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Diversity

**Plaintiff**

**Leonard A Szplett**
*an individual*

represented by **Leonard A Szplett**
3421 W. 1500 North Rd.
Kankakee, IL 60901
815-212-3125
PRO SE

V.

**Defendant**

**Kenco Logistic Services, LLC**
*a Tennessee Limited Liabiltiy Company*

represented by **Jody Wilner Moran**
Jackson Lewis P.C. (Chicago)
150 N. Michigan Ave
Suite 2500
Chicago, IL 60601
312-787-4949
Email: jody.moran@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Suite 2500
Chicago, IL 60601
United Sta
(312) 787-4949
Email: Julia.Argentieri@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mars, Inc.**

represented by **Kimberly J Overbaugh**
Harmon & Davies Pc
2306 Columbia Ave
Lancaster, PA 17603
(717) 291-2236
Email: koverbaugh@h-dlaw.com
*ATTORNEY TO BE NOTICED*

**Thomas R. Davies**
Harmon & Davies, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
(717) 291-2236
Email: tdavies@h-dlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Hartford**                    represented by   **Donald Alan Murday**
Chittenden, Murday & Novotny, LLC
303 West Madison Street
Suite 2400
Chicago, IL 60606
(312)281-3600
Email: dmurday@cmn-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph R. Jeffery**
Chittenden, Murday & Novotny, LLC
303 West Madison
Suite 2400
Chicago, IL 60606
(312)281-3600
Email: jjeffery@cmn-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Jabaley**                   represented by   **Jody Wilner Moran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mario Lopez**                     represented by   **Mario Lopez**
PRO SE

**Defendant**

**Tammi Fowler**                    represented by   **Jody Wilner Moran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paula Hise**                          represented by **Jody Wilner Moran**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Julia Pearce Argentieri**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Trace Spier**                         represented by **Jody Wilner Moran**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Julia Pearce Argentieri**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Coffey**                       represented by **Kimberly J Overbaugh**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Thomas R. Davies**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Moore**                          represented by **Kimberly J Overbaugh**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Thomas R. Davies**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Jay Elliott**                         represented by **Jody Wilner Moran**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                        **Julia Pearce Argentieri**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**David Caines**                        represented by **Jody Wilner Moran**
                                        (See above for address)
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                   **Julia Pearce Argentieri**
                                   (See above for address)
                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Manzello**                 represented by  **Jody Wilner Moran**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                 **Julia Pearce Argentieri**
                                 (See above for address)
                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**David Crawley**                  represented by  **Jody Wilner Moran**
                                     (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                 **Julia Pearce Argentieri**
                                 (See above for address)
                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Kelvin Walsh**                  represented by  **Jody Wilner Moran**
                                     (See above for address)
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                 **Julia Pearce Argentieri**
                                 (See above for address)
                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2019 | 1 | COMPLAINT filed by Leonard A Szplett; Jury Demand (Exhibits). (Attachments: # 1 Exhibits)(aee, ) (Entered: 04/15/2019) |
| 04/12/2019 | 2 | CIVIL Cover Sheet. (aee, ) (Entered: 04/15/2019) |
| 04/12/2019 | 3 | PRO SE Appearance by Plaintiff Leonard A Szplett. (aee, ) (Entered: 04/15/2019) |
| 04/15/2019 | 5 | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (aee, ) (Entered: 04/15/2019) |

| 04/16/2019 | 6 | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 5/30/2019 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 04/16/2019) |
|---|---|---|
| 05/06/2019 | | SUMMONS Issued as to Defendants David Caines, Robert Coffey, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Mario Lopez, Michael Manzello, Mars, Inc., Todd Moore, Trace Spier, The Hartford, Kelvin Walsh (daj, ) (Entered: 05/07/2019) |
| 05/28/2019 | 7 | MINUTE entry before the Honorable Gary Feinerman: The docket does not indicate that summonses have been served.The status hearing set for 5/30/2019 6 is stricken and re-set for 7/9/2019 at 9:00 a.m. Plaintiff is reminded of the requirements of Civil Rule 4(m).Mailed notice. (jlj, ) (Entered: 05/28/2019) |
| 06/11/2019 | 8 | ATTORNEY Appearance for Defendant The Hartford by Donald Alan Murday (Murday, Donald) (Entered: 06/11/2019) |
| 06/11/2019 | 9 | ATTORNEY Appearance for Defendant The Hartford by Joseph R. Jeffery (Jeffery, Joseph) (Entered: 06/11/2019) |
| 06/12/2019 | 10 | ATTORNEY Appearance for Defendants Robert Coffey, Mars, Inc., Todd Moore by Thomas R. Davies (Davies, Thomas) (Entered: 06/12/2019) |
| 06/12/2019 | 11 | ATTORNEY Appearance for Defendants Robert Coffey, Mars, Inc., Todd Moore by Kimberly J Overbaugh (Overbaugh, Kimberly) (Entered: 06/12/2019) |
| 06/14/2019 | 12 | ATTORNEY Appearance for Defendants David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh by Jody Wilner Moran (Moran, Jody) Docket text modified by Clerk's Office on 6/14/2019 (mma, ) (Entered: 06/14/2019) |
| 06/14/2019 | 13 | ATTORNEY Appearance for Defendants David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh by Julia Pearce Argentieri (Argentieri, Julia) Docket text modified by Clerk's Office on 6/14/2019 (mma, ) (Entered: 06/14/2019) |
| 06/14/2019 | 14 | MOTION by Defendants David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh for extension of time to file answer *Defendants' Unopposed Motion for an Enlargement of Time to Answer or Otherwise Plead* (Moran, Jody) (Entered: 06/14/2019) |
| 06/14/2019 | 15 | *Notice of Unopposed Motion* NOTICE of Motion by Jody Wilner Moran for presentment of motion for extension of time to file answer, 14 before Honorable Gary Feinerman on 6/19/2019 at 09:00 AM. (Moran, Jody) (Entered: 06/14/2019) |
| 06/14/2019 | 16 | MOTION by Defendants Robert Coffey, Mars, Inc., Todd Moore for extension of time to file answer (Davies, Thomas) (Entered: 06/14/2019) |
| 06/14/2019 | 17 | NOTICE of Motion by Thomas R. Davies for presentment of (Davies, Thomas) (Entered: 06/14/2019) |
| 06/14/2019 | 18 | MOTION by Defendant The Hartford for extension of time to file answer regarding complaint 1 (Jeffery, Joseph) (Entered: 06/14/2019) |
| 06/14/2019 | 19 | NOTICE of Motion by Joseph R. Jeffery for presentment of motion for extension of time to file answer 18 before Honorable Gary Feinerman on 6/19/2019 at 09:00 AM. (Jeffery, Joseph) (Entered: 06/14/2019) |
| 06/17/2019 | 20 | MINUTE entry before the Honorable Gary Feinerman:Motions for extension of time to answer 14 , 16 and 18 are granted. The time for Defendants to respond to the complaint is extended to 7/8/2019. Motion hearings set for 6/19/2019 15 , 17 and 19 are stricken. The |

| | | |
|---|---|---|
| | | Status hearing set for 7/9/2019 is stricken and re-set for 7/16/2019 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 06/17/2019) |
| 06/17/2019 | 21 | MOTION by Plaintiff Leonard A Szplett to amend complaint (Exhibits). (aee, ) (Entered: 06/18/2019) |
| 06/20/2019 | 22 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff's motion for leave to file an amended complaint 21 is granted. Plaintiff shall file his amended complaint as a separate docket entry. This is Plaintiff's one amendment of right under Civil Rule 15(a)(1). Mailed notice. (jlj, ) (Entered: 06/20/2019) |
| 07/08/2019 | 23 | MOTION by Defendants David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin WalshDefendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(6) (Moran, Jody) (Entered: 07/08/2019) |
| 07/08/2019 | 24 | Defendant's Rule 7.1 Corporate Disclosure Statement by David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh (Moran, Jody) (Entered: 07/08/2019) |
| 07/08/2019 | 25 | MEMORANDUM by David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh in support of motion for miscellaneous relief, 23 *Defendants' Memorandum in Support of Their Motion to Dismiss* (Attachments: # 1 Exhibit A)(Moran, Jody) (Entered: 07/08/2019) |
| 07/08/2019 | 26 | NOTICE of Motion by Jody Wilner Moran for presentment of motion for miscellaneous relief, 23 before Honorable Gary Feinerman on 7/16/2019 at 09:00 AM. (Moran, Jody) (Entered: 07/08/2019) |
| 07/08/2019 | 27 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant The Hartford (Jeffery, Joseph) (Entered: 07/08/2019) |
| 07/08/2019 | 28 | MEMORANDUM by The Hartford in support of Motion to Dismiss for Failure to State a Claim 27 (Attachments: # 1 Exhibit A-April 8, 2015 letter, # 2 Exhibit B-POI, # 3 Exhibit C-Policy and Rider)(Jeffery, Joseph) (Entered: 07/08/2019) |
| 07/08/2019 | 29 | NOTICE of Motion by Joseph R. Jeffery for presentment of Motion to Dismiss for Failure to State a Claim 27 before Honorable Gary Feinerman on 7/16/2019 at 09:00 AM. (Jeffery, Joseph) (Entered: 07/08/2019) |
| 07/08/2019 | 30 | Corporate Disclosure Statement by Mars, Inc. (Overbaugh, Kimberly) (Entered: 07/08/2019) |
| 07/08/2019 | 31 | Notice of Presentment by Robert Coffey, Mars, Inc., Todd Moore (Overbaugh, Kimberly) (Entered: 07/08/2019) |
| 07/08/2019 | 32 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Robert Coffey, Mars, Inc., Todd Moore (Overbaugh, Kimberly) (Entered: 07/08/2019) |
| 07/08/2019 | 33 | Memorandum in Support of Motion to Dismiss by Robert Coffey, Mars, Inc., Todd Moore (Overbaugh, Kimberly) (Entered: 07/08/2019) |
| 07/10/2019 | 34 | NOTICE of Motion by Kimberly J Overbaugh for presentment of Motion to Dismiss for Failure to State a Claim 32 before Honorable Gary Feinerman on 7/18/2019 at 09:00 AM. (Overbaugh, Kimberly) (Entered: 07/10/2019) |
| 07/10/2019 | 35 | STATUS Report *Initial Status Report* by David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh (Moran, Jody) (Entered: 07/10/2019) |

| 07/11/2019 | 36 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by The Hartford (Jeffery, Joseph) (Entered: 07/11/2019) |
|---|---|---|
| 07/15/2019 | 37 | MOTION by Plaintiff Leonard A Szplett to respond to defendants' motion(s) to dismiss. (gcy, ) (Entered: 07/16/2019) |
| 07/15/2019 | 38 | RESPONSE to defendants filing of the joint statement by Plaintiff Leonard A Szplett. (Attachments). (gcy, ) (Entered: 07/16/2019) |
| 07/16/2019 | 39 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 9/18/2019 at 9:00 a.m. Motion hearing held. Motions to dismiss 23 27 32 are entered and continued. Plaintiff shall file his responses by 8/13/2019; Defendants shall reply 9/10/2019. MIDP disclosures and discovery are stayed pending further order of court. The 7/18/2019 motion hearing 34 is stricken.Mailed notice. (jlj, ) (Entered: 07/16/2019) |
| 07/17/2019 | 40 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff's motion to respond to Defendants' motion(s) to dismiss 37 is denied as moot in light of the briefing schedule 39 .Mailed notice. (jlj, ) (Entered: 07/17/2019) |
| 08/16/2019 | 41 | RESPONSE by Plaintiff Leonard A Szplett to defendant's Mars, Inc., Robert Coffey and Todd Moore's 12b(6) motion to dismiss.(Received for docketing on 8/21/19) (aee, ) Modified on 8/21/2019 (aee, ). (Entered: 08/21/2019) |
| 08/16/2019 | 42 | RESPONSE by Plaintiff Leonard A Szplett to defendant Hartford's 12b(6) motion to dismiss (Exhibits). (Received for docketing on 8/21/19) (aee, ) (Entered: 08/21/2019) |
| 08/16/2019 | 43 | RESPONSE by Plaintiff Leonard A Szplett to defendant's Kenco Logistics, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley, and Kelvin Walsh's 12b(6) motion to dismiss (Exhibits). (Received for docketing on 8/21/19) (aee, ) (Entered: 08/21/2019) |
| 08/22/2019 | 44 | MOTION by Plaintiff Leonard A Szplett to clarify and correct the filing date of Plaintiff's responses to defendant's Kenco Logistics, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley, Kelvin Walsh, Mars, Robert Coffey, Todd Moore and the Hartford's 12b(6) motion to dismiss plaintiff's case (Exhibits). (aee, ) (Entered: 08/23/2019) |
| 08/26/2019 | 45 | MINUTE entry before the Honorable Gary Feinerman:Plaintiff's motion to clarify and correct the filing date of Plaintiff's responses to Defendant's motion to dismiss 44 is granted. Plaintiff's responses are deemed to have been timely filed.Mailed notice. (jlj, ) (Entered: 08/26/2019) |
| 09/10/2019 | 46 | REPLY by Robert Coffey, Mars, Inc., Todd Moore to Response 41 (Davies, Thomas) (Entered: 09/10/2019) |
| 09/10/2019 | 47 | MEMORANDUM by Robert Coffey, Mars, Inc., Todd Moore in support of Motion to Dismiss for Failure to State a Claim 32 (Davies, Thomas) (Entered: 09/10/2019) |
| 09/10/2019 | 48 | REPLY by Defendant The Hartford *(in Support of Its Motion to Dismiss)* (Jeffery, Joseph) (Entered: 09/10/2019) |
| 09/10/2019 | 49 | REPLY by Defendants David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh to Response, 43 *Defendants' Reply in Support of Their Motion to Dismiss* (Moran, Jody) (Entered: 09/10/2019) |
| 09/12/2019 | 50 | MINUTE entry before the Honorable Gary Feinerman:The status hearing set for 9/18/2019 at 9:00 a.m. 39 is re-set for 9:15 a.m. TIME CHANGE ONLY. The court will have |

| | | questions regarding the pending motions to dismiss.Mailed notice.(jlj, ) (Entered: 09/12/2019) |
|---|---|---|
| 09/18/2019 | 51 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 10/24/2019 at 9:00 a.m. Motions to dismiss 23 , 27 , and 32 are taken under advisement. The court will rule by mail.Mailed notice. (jlj, ) (Entered: 09/18/2019) |
| 09/19/2019 | 52 | ORDER written by the Honorable Gary Feinerman on 9/19/2019. Defendants' motions to dismiss 23 27 32 are granted for the reasons set forth below. The amended complaint 21 is dismissed without prejudice. Plaintiff has until 10/17/2019 to file a second amended complaint. Failure to do so will result in the dismissal with prejudice of this suit.Mailed notice.(jlj, ) (Entered: 09/19/2019) |
| 10/17/2019 | 53 | SECOND AMENDED complaint by Leonard A Szplett against All Plaintiffs. (aee, ) (Entered: 10/18/2019) |
| 10/21/2019 | 54 | MINUTE entry before the Honorable Gary Feinerman:Defendants shall respond to the second amended complaint 53 by 11/4/2019. The status hearing set for 10/24/2019 51 is stricken and re-set for 11/14/2019 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 10/21/2019) |
| 11/04/2019 | 55 | MOTION by Defendants Tammi Fowler, Kenco Logistic Services, LLC, Kelvin Walsh, David Caines, Trace Spier, Jay Elliott, David Crawley, Michael Manzello, Paula Hise, David Jabaley to dismiss *Defendants' Motion to Dismiss Szplett's Second Amended Complaint (Dkt. No. 53)* (Moran, Jody) (Entered: 11/04/2019) |
| 11/04/2019 | 56 | MEMORANDUM by David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Michael Manzello, Trace Spier, Kelvin Walsh in support of motion to dismiss, 55 *Defendants' Memorandum in Support of Their Motion to Dismiss Szplett's Second Amended Complaint (Dkt. No. 53)* (Moran, Jody) (Entered: 11/04/2019) |
| 11/04/2019 | 57 | NOTICE of Motion by Jody Wilner Moran for presentment of motion to dismiss, 55 before Honorable Gary Feinerman on 11/14/2019 at 09:00 AM. (Moran, Jody) (Entered: 11/04/2019) |
| 11/04/2019 | 58 | MOTION by Defendant The Hartford to dismiss *Second Amended Complaint* (Jeffery, Joseph) (Entered: 11/04/2019) |
| 11/04/2019 | 59 | MEMORANDUM by The Hartford in support of motion to dismiss 58 (Jeffery, Joseph) (Entered: 11/04/2019) |
| 11/04/2019 | 60 | NOTICE of Motion by Joseph R. Jeffery for presentment of motion to dismiss 58 before Honorable Gary Feinerman on 11/14/2019 at 09:00 AM. (Jeffery, Joseph) (Entered: 11/04/2019) |
| 11/04/2019 | 61 | Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Robert Coffey, Mars, Inc., Todd Moore (Davies, Thomas) (Entered: 11/04/2019) |
| 11/04/2019 | 62 | MEMORANDUM by Robert Coffey, Mars, Inc., Todd Moore in support of Motion to Dismiss for Failure to State a Claim 61 (Davies, Thomas) (Entered: 11/04/2019) |
| 11/04/2019 | 63 | NOTICE of Motion by Thomas R. Davies for presentment of Motion to Dismiss for Failure to State a Claim 61 before Honorable Gary Feinerman on 11/14/2019 at 09:00 AM. (Davies, Thomas) (Entered: 11/04/2019) |
| 11/05/2019 | 64 | MINUTE entry before the Honorable Gary Feinerman:Motions to dismiss 55 58 61 are entered and continued. Plaintiff shall respond to the motions by 12/2/2019; Defendants shall reply by 12/19/2019. Motion hearings set for 11/14/2019 57 60 and 63 are stricken. |

| | | |
|---|---|---|
| | | The status hearing set for 11/14/2019 54 is stricken and re-set for 11/8/2020 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 11/05/2019) |
| 12/03/2019 | 65 | MOTION by Plaintiff Leonard A Szplett for extension of time to respond to defendants' 12b(6) motion to dismiss plaintiff's case. (aee, ) (Entered: 12/04/2019) |
| 12/09/2019 | 66 | MINUTE entry before the Honorable Gary Feinerman:Motion for extension of time 65 is granted. The time for Plaintiff to respond to the motions to dismiss 55 58 61 is extended to 12/12/2019; Defendants shall reply by 1/7/2020. The status hearing set for 1/8/2020 64 is stricken and re-set for 1/15/2020 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 12/09/2019) |
| 12/11/2019 | 67 | RESPONSE by Plaintiff Leonard A Szplett to defendant Kenco Logistics, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Jay Elliott, David Caines, Michael Manzello, Dwight Crawley, and Kelvin Walsh's Motion to Dismiss. (aee, ) (Entered: 12/12/2019) |
| 12/11/2019 | 68 | RESPONSE by Plaintiff Leonard A Szplett to defendant Mars, Inc., Robert Correy and Todd Moore's 12b(6) Motion to Dismiss. (aee, ) (Entered: 12/12/2019) |
| 12/11/2019 | 69 | RESPONSE by Plaintiff Leonard A Szplett to defendant Hartford's 12b(6) Motion to Dismiss. (aee, ) (Entered: 12/12/2019) |
| 01/07/2020 | 70 | REPLY by Defendants David Caines, David Crawley, Jay Elliott, Tammi Fowler, Paula Hise, David Jabaley, Kenco Logistic Services, LLC, Mario Lopez, Michael Manzello, Trace Spier, Kelvin Walsh to amended complaint 53 *Defendants' Reply in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 53)* (Moran, Jody) (Entered: 01/07/2020) |
| 01/07/2020 | 71 | REPLY by Defendant The Hartford to motion to dismiss 58 *(Hartford's Reply in Support of Its Motion to Dismiss Second Amended Complaint)* (Jeffery, Joseph) (Entered: 01/07/2020) |
| 01/07/2020 | 72 | REPLY by Defendants Robert Coffey, Mars, Inc., Todd Moore to Motion to Dismiss for Failure to State a Claim 61 (Davies, Thomas) (Entered: 01/07/2020) |
| 01/15/2020 | 73 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 3/19/2020 at 9:00 a.m. Oral argument held on the pending motions to dismiss.Mailed notice. (jlj, ) (Entered: 01/15/2020) |
| 01/15/2020 | 74 | FURTHER CLARIFICATION on his RESPONSE to Judge Feinerman on the timing on the filing of this matter by Plaintiff Leonard A Szplett. (aee, ) (Entered: 01/16/2020) |
| 03/13/2020 | 75 | MINUTE entry before the Honorable Gary Feinerman:Given the COVID-19 situation, the 3/19/2020 status hearing 73 is stricken and re-set for 4/8/2020 at 9:00 a.m. Mailed notice. (jlj, ) (Entered: 03/13/2020) |
| 03/16/2020 | 76 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (td, ) (Entered: 03/17/2020) |
| 03/23/2020 | 77 | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/23/2020: Mailed notice. (docket7, ) (Entered: 03/31/2020) |

| 03/30/2020 | 79 | ORDER CORRECTED ENTRY: ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance. Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice...Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020:Mailed notice(docket7, ) (Entered: 04/03/2020) |
|---|---|---|
| 04/02/2020 | 78 | MINUTE entry before the Honorable Gary Feinerman:Pursuant to Second Amended General Order 20-0012, the 4/8/2020 status hearing 75 is stricken and re-set for 5/13/2020 at 9:00 a.m. In the meantime, if any party wishes to present a scheduling or other issue or question to the court, that party should send an email to the Courtroom Deputy (Jackie_Deanes@ilnd.uscourts.gov) and the proposed order email box (Proposed_Order_Feinerman@ilnd.uscourts.gov), with a copy to all other counsel, and the court will respond as soon as practicable. If any party wishes to extend, shorten, or revoke in a particular case the filing extensions granted by Paragraph 2 of Second Amended General Order 20-0012, that party shall file a motion on the case docket and shall indicate in the motion whether the relief sought is agreed or opposed. Parties may file other non-emergency motions on the case docket as they see fit. Emergency relief in any case, or emergency relief from Second Amended General Order 20-0012, shall be sought in the manner set forth in Paragraphs 5-6 of Second Amended General Order 20-0012.Mailed notice.(jlj) (Entered: 04/02/2020) |
| 04/22/2020 | 80 | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendants' motions to dismiss 55 58 61 are granted. The court relinquishes its jurisdiction over Plaintiff's tortious interference with economic advantage claims against Defendants Lopez, Jabaley, Hise, Moore, Coffey, and Fowler. Plaintiff may re-file those claims in state court, subject of course to any applicable defenses. Plaintiff's other claims are dismissed with prejudice. Enter judgment order. Status hearing set for 5/13/2020 78 is stricken. Civil case closed.Mailed notice. (jlj, ) (Entered: 04/22/2020) |
| 04/22/2020 | 81 | MEMORANDUM Opinion and Order written by the Honorable Gary Feinerman on 4/22/2020.Mailed notice.(jlj, ) (Entered: 04/22/2020) |
| 04/22/2020 | 82 | ENTERED JUDGMENT on 4/22/2020.Mailed notice.(jlj, ) (Entered: 04/22/2020) |
| 05/20/2020 | 83 | MOTION by Plaintiff Leonard A Szplett to reconsider to amend or alter judgment (Exhibits). (aee, ) (Entered: 05/21/2020) |
| 05/22/2020 | 84 | MINUTE entry before the Honorable Gary Feinerman:Motion for reconsideration 83 is denied. To the extent Plaintiff's motion presses arguments that he did not present in opposing dismissal, those arguments are forfeited. And forfeiture aside, the motion offers no grounds on which to reconsider the court's dismissal of Plaintiff's claims.Mailed notice. (jlj, ) (Entered: 05/22/2020) |
| 06/28/2021 | 85 | NOTICE of appeal by Leonard A Szplett regarding orders 84 . (aee, ) (Entered: 06/29/2021) |
| 06/28/2021 | 86 | DOCKETING Statement by Leonard A Szplett regarding notice of appeal 85 . (aee, ) (Entered: 06/29/2021) |
| 06/29/2021 | 87 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 85 . (aee, ) (Entered: 06/29/2021) |
| 06/29/2021 | 88 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 85 . Notified counsel. (aee, ) (Entered: 06/29/2021) |

| 06/29/2021 | 89 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 85 ; USCA Case No. 21-2209. (aee, ) (Entered: 06/29/2021) |
| 06/29/2021 | 90 | CIRCUIT Rule 3(b) Fee Notice. (aee, ) (Entered: 06/29/2021) |
| 07/13/2021 | 91 | PAYMENT by Leonard A Szplett regarding 85 of Filing fee $ 505; receipt number 4624259171. (aee, ) (aee, ). (Entered: 07/13/2021) |

<table>
<tr><td colspan="4" align="center">**PACER Service Center**</td></tr>
<tr><td colspan="4" align="center">**Transaction Receipt**</td></tr>
<tr><td colspan="4" align="center">08/18/2021 14:09:44</td></tr>
<tr><td>**PACER Login:**</td><td></td><td>**Client Code:**</td><td></td></tr>
<tr><td>**Description:**</td><td>Docket Report</td><td>**Search Criteria:**</td><td>1:19-cv-02500</td></tr>
<tr><td>**Billable Pages:**</td><td>10</td><td>**Cost:**</td><td>1.00</td></tr>
</table>

# Exhibit B

## <u>CERTIFICATE OF SERVICE</u>

I, Julia P. Argentieri, an attorney, hereby certify that on July 8, 2019, I electronically filed

a copy of the foregoing **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R.**

**CIV. PRO. 8 AND 12(b(6)** with the Clerk of the Court using the CM/ECF system. I further certify

that a copy of the foregoing has been mail and email to the following non-ECF participant:

Leonard Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

By: /s/ Julia P. Argentieri
One of the Attorneys for the Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I, Julia P. Argentieri, an attorney, hereby certify that on July 8, 2019, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

Leonard Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

By: /s/ Julia P. Argentieri
One of the Attorneys for the Defendants

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, I electronically filed the foregoing Hartford Life and

Accident Insurance Company's Motion to Dismiss, with the Clerk of the U.S. District Court,

Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification

of such filing to the following CM/ECF registered participants:

Jody Wilner Moran, Esq.                    Thomas R. Davis, Esq.
Julia P. Argentieri, Esq.                  Kimberly J. Overbaugh, Esq.
Jackson Lewis, P.C.                        Harmon & Davies, P.C.
150 N. Michigan Avenue                     2306 Columbia Aveue
Suite 2500                                 Lancaster, PA  17603
Chicago, IL 60601                          tdavies@h-dlaw.com
jody.moran@jacksonlewis.com                koverbaugh@h-dlaw.com
julia.argentieri@jacksonlewis.com

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage
prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

/s/ Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois  60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)
jjeffery@cmn-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2019, I electronically filed the foregoing Hartford's Memorandum of Law in Support of its Motion to Dismiss, with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

|  |  |
|---|---|
| Jody Wilner Moran, Esq. | Thomas R. Davis, Esq. |
| Julia P. Argentieri, Esq. | Kimberly J. Overbaugh, Esq. |
| Jackson Lewis, P.C. | Harmon & Davies, P.C. |
| 150 N. Michigan Avenue | 2306 Columbia Aveue |
| Suite 2500 | Lancaster, PA 17603 |
| Chicago, IL 60601 | tdavies@h-dlaw.com |
| jody.moran@jacksonlewis.com | koverbaugh@h-dlaw.com |
| julia.argentieri@jacksonlewis.com | |

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

/s/ Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)
jjeffery@cmn-law.com

### CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein this matter, hereby certify that on July 8, 2019, I electronically filed a copy of the foregoing **Defendants' Motion to Dismiss the Complaint Under Rule 12(b)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901

/s/ Thomas R. Davies
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com
Attorneys for Defendants
Mars, Inc., Robert Coffey
and Todd Moore

VII, XI, XII, XV, and XVII against Defendants be dismissed with prejudice as they are barred by

the applicable statute of limitations.

Dated: July 8, 2019                              Respectfully submitted,

                                                 /s/ Thomas R. Davies _____
                                                 Thomas R. Davies, Esq. PA #35260
                                                 Kimberly J. Overbaugh, Esq. PA #85610
                                                 HARMON & DAVIES, P.C.
                                                 2306 Columbia Ave.
                                                 Lancaster, PA 17603
                                                 Tel. (717) 291-2236
                                                 Fax (717) 291-2236
                                                 tdavies@h-dlaw.com
                                                 koverbaugh@h-dlaw.com
                                                 Attorneys for Defendants
                                                 Mars, Inc., Robert Coffey
                                                 and Todd Moore

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein this matter, hereby certify that on July 8, 2019, I electronically filed a copy of the foregoing **Defendants' Memorandum in Support of Motion to Dismiss the Complaint Under Rule 12(b)** with the Clerk of the Court using the CM/ECF system.  I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901

/s/ Thomas R. Davies _____
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
tdavies@h-dlaw.com
koverbaugh@h-dlaw.com
Attorneys for Defendants
Mars, Inc., Robert Coffey
and Todd Moore

# Exhibit C

## <u>CERTIFICATE OF SERVICE</u>

I, Julia P. Argentieri, an attorney, hereby certify that on November 4, 2019, I electronically

filed a copy of the foregoing **DEFENDANTS' MOTION TO DISMISS SZPLETT'S SECOND**

**AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of

the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail

and email to the following non-ECF participant:

> Leonard Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901
> Stkbnd2000@aol.com

> By: /s/ Julia P. Argentieri
> One of the Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I, Julia P. Argentieri, an attorney, hereby certify that on November 4, 2019, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS SZPLETT'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

Leonard Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

By: /s/ Julia P. Argentieri
One of the Attorneys for the Defendants

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on November 4, 2019, I electronically filed the foregoing Hartford Life

and Accident Insurance Company's Motion to Dismiss Second Amended Complaint, with the

Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF

system which sent notification of such filing to the following CM/ECF registered participants:

     Jody Wilner Moran, Esq.   Thomas R. Davis, Esq.
     Julia P. Argentieri, Esq.    Kimberly J. Overbaugh, Esq.
     Jackson Lewis, P.C.     Harmon & Davies, P.C.
     150 N. Michigan Avenue   2306 Columbia Aveue
     Suite 2500       Lancaster, PA  17603
     Chicago, IL 60601     tdavies@h-dlaw.com
     jody.moran@jacksonlewis.com koverbaugh@h-dlaw.com
     julia.argentieri@jacksonlewis.com

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage
prepaid to the following non-ECF participant:

     Leonard A. Szplett
     3421 W. 1500 NW Road
     Kankakee, IL 60901
     Stkbnd2000@aol.com

        /s/ Joseph R. Jeffery
        CHITTENDEN, MURDAY & NOVOTNY LLC
        303 West Madison Street, Suite 1400
        Chicago, Illinois  60606
        (312) 281-3600 (phone)
        (312) 281-3678 (fax)
        jjeffery@cmn-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically filed the foregoing Memorandum of Law in Support of Motion to Dismiss Second Amended Complaint, with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

Jody Wilner Moran, Esq.                 Thomas R. Davis, Esq.
Julia P. Argentieri, Esq.               Kimberly J. Overbaugh, Esq.
Jackson Lewis, P.C.                     Harmon & Davies, P.C.
150 N. Michigan Avenue                  2306 Columbia Aveue
Suite 2500                              Lancaster, PA  17603
Chicago, IL 60601                       tdavies@h-dlaw.com
jody.moran@jacksonlewis.com             koverbaugh@h-dlaw.com
julia.argentieri@jacksonlewis.com

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage prepaid to the following non-ECF participant:

Leonard A. Szplett
3421 W. 1500 NW Road
Kankakee, IL 60901
Stkbnd2000@aol.com

                           /s/ Joseph R. Jeffery_____
                           CHITTENDEN, MURDAY & NOVOTNY LLC
                           303 West Madison Street, Suite 1400
                           Chicago, Illinois  60606
                           (312) 281-3600 (phone)
                           (312) 281-3678 (fax)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys of record herein this matter, hereby certify that on

November 4, 2019, I electronically filed a copy of the foregoing **Defendants' Motion to Dismiss**

**Plaintiff's Second Amended Complaint** with the Clerk of the Court using the CM/ECF system.

I further certify that a copy of the foregoing has been served by U.S. mail, postage prepaid to the

following non-ECF participant:

> Leonard A. Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901

> /s/ Thomas R. Davies _____
> Thomas R. Davies, Esq. PA #35260
> Kimberly J. Overbaugh, Esq. PA #85610
> HARMON & DAVIES, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> Tel. (717) 291-2236
> Fax (717) 291-2236
> tdavies@h-dlaw.com
> koverbaugh@h-dlaw.com
> Attorneys for Defendants
> Mars, Inc., Robert Coffey
> and Todd Moore

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys of record herein this matter, hereby certify that on

November 4, 2019, I electronically filed a copy of the foregoing **Defendants' Memorandum in**

**Support of Motion to Dismiss Plaintiff's Second Amended Complaint** with the Clerk of the

Court using the CM/ECF system.  I further certify that a copy of the foregoing has been served by

U.S. mail, postage prepaid to the following non-ECF participant:

> Leonard A. Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901

> /s/ Thomas R. Davies_____
> Thomas R. Davies, Esq. PA #35260
> Kimberly J. Overbaugh, Esq. PA #85610
> HARMON & DAVIES, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> Tel. (717) 291-2236
> Fax (717) 291-2236
> tdavies@h-dlaw.com
> koverbaugh@h-dlaw.com
> Attorneys for Defendants
> Mars, Inc., Robert Coffey
> and Todd Moore

# Exhibit D

## <u>CERTIFICATE OF SERVICE</u>

I, Julia P. Argentieri, an attorney, hereby certify that on January 7, 2020, I electronically filed a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SZPLETT'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mail and email to the following non-ECF participant:

> Leonard Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901
> Stkbnd2000@aol.com

> By: /s/ Jody Wilner Moran
> One of the Attorneys for the Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **January 7, 2020**, I electronically filed Hartford Life and Accident

Insurance Company's Reply in Support of Its Motion to Dismiss Second Amended Complaint,

with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the

CM/ECF system which sent notification of such filing to the following CM/ECF registered

participants:

|  |  |
|---|---|
| Jody Wilner Moran, Esq. | Thomas R. Davis, Esq. |
| Julia P. Argentieri, Esq. | Kimberly J. Overbaugh, Esq. |
| Jackson Lewis, P.C. | Harmon & Davies, P.C. |
| 150 N. Michigan Avenue | 2306 Columbia Aveue |
| Suite 2500 | Lancaster, PA  17603 |
| Chicago, IL 60601 | tdavies@h-dlaw.com |
| jody.moran@jacksonlewis.com | koverbaugh@h-dlaw.com |
| julia.argentieri@jacksonlewis.com | |

I further certify that a copy of the foregoing has been served by e-mail and U.S. Mail, postage
prepaid to the following non-ECF participant:

> Leonard A. Szplett
> 3421 W. 1500 NW Road
> Kankakee, IL 60901
> Stkbnd2000@aol.com

> /s/ Joseph R. Jeffery
> CHITTENDEN, MURDAY & NOVOTNY LLC
> 303 West Madison Street, Suite 1400
> Chicago, Illinois  60606
> (312) 281-3600 (phone)
> (312) 281-3678 (fax)
> jjeffery@cmn-law.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Kimberly J. Overbaugh, an attorney, hereby certify that on January 7, 2020, I electronically filed a copy of the foregoing **Defendant Mars, Inc., Robert Coffey, and Todd Moore's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been served by email and U.S. mail, postage prepaid, to the following non-ECF participant:

>Leonard A. Szplett
>3421 W. 1500 NW Road
>Kankakee, IL 60901
>Stkbnd2000@aol.com

>  /s/ Kimberly J. Overbaugh
>Kimberly J. Overbaugh, Esq., PA #85610
>Thomas R. Davies, Esq., PA #35260
>HARMON & DAVIES, P.C.
>2306 Columbia Ave.
>Lancaster, PA 17603
>Tel. (717) 291-2236
>Fax (717) 291-2236
>koverbaugh@h-dlaw.com
>tdavies@h-dlaw.com
>Attorneys for Defendants
>Mars, Inc., Robert Coffey
>and Todd Moore

# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.2**
**Eastern Division**

Leonard A Szplett

                                        Plaintiff,

v.                                                              Case No.: 1:19−cv−02500
                                                                Honorable Gary Feinerman

Kenco Logistic Services, LLC, et al.

                                        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 22, 2020:

    MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in
the accompanying Memorandum Opinion and Order, Defendants' motions to dismiss
[55][58][61] are granted. The court relinquishes its jurisdiction over Plaintiff's tortious
interference with economic advantage claims against Defendants Lopez, Jabaley, Hise,
Moore, Coffey, and Fowler. Plaintiff may re−file those claims in state court, subject of
course to any applicable defenses. Plaintiff's other claims are dismissed with prejudice.
Enter judgment order. Status hearing set for 5/13/2020 [78] is stricken. Civil case
closed.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD A. SZPLETT, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 2500 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| KENCO LOGISTIC SERVICES, LLC, MARS, INC., | ) | |
| THE HARTFORD, DAVID JABALEY, MARIO | ) | |
| LOPEZ, TAMMI FOWLER, PAULA HISE, TRACE | ) | |
| SPIER, ROBERT COFFEY, TODD MOORE, JAY | ) | |
| ELLIOTT, DAVID CAINES, MICHAEL MANZELLO, | ) | |
| DAVID CRAWLEY, and KELVIN WALSH, | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Leonard Szplett, proceeding *pro se*, filed this suit against Kenco Logistics Services, LLC and its employees Kelvin Walsh, Paula Hise, Tammi Fowler, David Jabaley, Mario Lopez, Michael (Mike) Manzello, David Caines, Trace Spier, Jay Elliott, and David (Dwight) Crawley ("Kenco Defendants"); Mars, Inc. and its employees Robert Coffey and Todd Moore ("Mars Defendants"); and Hartford Life and Accident Insurance Company. Doc. 1. Szplett sought and was given leave to file an amended complaint. Docs. 21-22. The court dismissed the amended complaint without prejudice under Civil Rule 8(a)(2) due to its length and disorganization. Doc. 52. Szplett filed a second amended complaint, Doc. 53, which Defendants move to dismiss for failure to state a claim under Rule 12(b)(6), Docs. 55, 58, 61. The motions are granted.

### Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider

"documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Szplett's briefs opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Szplett as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

The operative complaint is difficult to parse. The relevant facts are set forth as best the court can understand them.

Mars employed Szplett from 2001 until his termination on, at the latest, March 29, 2015. *Id.* at ¶¶ 2-3, 31-36, 89, 124, 493, 604. Szplett was also employed by Kenco, the property manager for the Mars facility where he worked, from April 2013 until his March 29, 2015 termination. *Id.* at ¶¶ 2-3, 6-7. The individual defendants held officer or supervisory positions with either Mars or Kenco. *Id.* at ¶¶ 10-21. Hartford is the third-party administrator for Mars's and Kenco's employee benefits programs. *Id.* at ¶ 22.

Szplett observed during his employment that Mars and Kenco had discriminatory corporate cultures and employment practices. *Id.* at ¶¶ 53-77, 255-276, 303-351, 390-392, 547-560. Szplett complained to management about discrimination, assisted other employees with discrimination issues, and acted as a witness in legal matters. *Id.* at ¶¶ 88, 129-133. As a result, Szplett was subjected to retaliation, including uneven discipline, harsher scrutiny, unwarranted suspensions, reduced overtime opportunities, reductions in duties, disciplinary actions, public humiliation, and psychological warfare. *Id.* at ¶¶ 89, 134-135, 142-145.

The retaliation culminated with his termination, which was made effective March 29, 2015. *Id*. at ¶¶ 89, 604. In late February 2015, Szplett was told that he would be terminated and was given a severance offer under which he would receive his severance pay and March salary if he agreed to waive certain claims that he might have against Defendants. *Id*. at ¶¶ 111-112; 116; 282-283; 688-690. At that time, Szplett's short-term disability benefits were stopped. *Id*. at ¶ 111. It appears that all this occurred while Szplett was on medical leave. *Id*. at ¶¶ 127, 364, 629, 702-703; Doc. 67 at 8-9. Szplett ultimately did not receive his March salary or severance pay. Doc. 53 at ¶¶ 119, 226. The decision to deprive Szplett of his March salary and severance pay became final sometime in April 2015, when he failed to timely accept or deny the severance offer. *Id*. at ¶¶ 116, 690. Szplett received a letter around April 9, 2015 from Hartford stating that his disability benefits had been retroactively denied as of February 28, 2015. Doc. 67 at 9.

In late August 2015, several months after his termination, Szplett learned that he had been demoted while on medical leave. *Id*. at ¶¶ 95, 615, 702. He does not allege that the demotion had any impact on his pay or other terms and conditions of his employment.

As for Hartford, the complaint alleges only that it assisted Mars Defendants and Kenco Defendants in their allegedly discriminatory actions by denying Szplett his benefits. *Id*. at ¶ 78.

## Discussion

The complaint attempts to state claims under 42 U.S.C. § 1981, *id*. at ¶¶ 150-399, 478-509 (Counts 1-9, 12); 18 U.S.C. § 1001, *id*. at ¶¶ 400-450 (Count 10); 18 U.S.C. §§ 1503, 1505, 1512, and 1621, *id*. at ¶¶ 451-477 (Count 11); 42 U.S.C. § 1985, *id*. at ¶¶ 478-509 (Count 12); and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *id*. at ¶¶ 654-781 (Count 21); and for defamation, *id*. at ¶¶ 510-528 (Count 13); negligence, *id*. at ¶¶ 529-541 (Count 14); breach of fiduciary duty, *id*. at ¶¶ 542-560 (Count 15); conspiracy to

commit breach of fiduciary duty, *id.* at ¶¶ 561-591 (Count 16); tortious interference with

prospective economic advantage, *id.* at ¶¶ 592-605 (Count 17); intentional infliction of emotional

distress, *id.* at ¶¶ 606-625 (Count 18); fraudulent concealment of adverse employment actions,

*id.* at ¶¶ 626-637 (Count 19); and aiding and abetting, *id.* at ¶¶ 638-653 (Count 20). Because

Szplett and some of the individual defendants are Illinois citizens, *id.* at ¶¶ 1, 10, 19-21, the state

law claims fall under the court's supplemental jurisdiction, 28 U.S.C. § 1367(a), not under the

diversity jurisdiction, 28 U.S.C. § 1332(a).

## I.    Claims with a One- or Two-Year Statute of Limitations

The last allegedly wrongful action identified in the complaint occurred in April 2015,

Doc. 53 at ¶¶ 116, 691, and the latest point at which Szplett alleges he discovered relevant

misconduct is August 2015, *id.* at ¶¶ 95, 615. Szplett filed this suit on April 12, 2019. Doc. 1.

Szplett's § 1985 (Count 12), defamation (Count 13), negligence (Count 14), and

intentional infliction of emotional distress (Count 18) claims are subject to statutes of limitations

of two years or less. *See Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir.

2003) ("Illinois imposes a one-year statute of limitations on all defamation actions that begins to

run when the defamatory statement was published."); *Manley v. City of Chicago*, 236 F.3d 392,

395 (7th Cir. 2001) ("[I]n Illinois, a two-year statute of limitations applies to claims brought

under §§ 1983 and 1985."); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003) ("[T]he

applicable statute of limitations for intentional infliction of emotional distress is two years,

because the tort is a form of personal injury."); 735 ILCS 5/13-202 ("Actions for damages for an

injury to the person … shall be commenced within 2 years next after the cause of action

accrued … ."). The portion of the complaint addressing negligence, Doc. 53 at p. 90, refers to

735 ILCS 5/13-205, which provides for a longer statute of limitations, but that statute does not

govern negligence claims. *See* 735 ILCS 5/13-205 ("[A]ctions on unwritten contracts, expressed

or implied, or on awards of arbitration, or to recover damages for an injury done to property, real

or personal, or to recover the possession of personal property or damages for the detention or

conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5

years next after the cause of action accrued."). Because the wrongs alleged by Szplett occurred

more than two years before he filed this suit, and because his tolling argument (addressed on the

merits below) would extend the commencement of the limitations period to August 2015 at the

latest, those claims are dismissed as time-barred.

## II.     Claims for Which There Is No Private Right of Action

The complaint purports to bring claims (Counts 10-11) under several criminal statutes

that do not confer a private right of action. *See GwanJun Kim v. Grand Valley State Univ.*, 2017

WL 8294004, at *1 (6th Cir. Dec. 22, 2017) ("18 U.S.C. § 1621 … does not create a private right

of action."); *Lee v. U.S.A.I.D.*, 859 F.3d 74, 78 (D.C. Cir. 2017) ("18 U.S.C. § 1001 … does not

create a private cause of action."); *Farzan v. Bridgewater Assocs., LP*, 699 F. App'x 57, 58 (2d

Cir. 2017) ("[O]bstruction of justice is a criminal charge, not a private cause of action.");

*Greenblatt v. Klein*, 634 F. App'x 66, 69 (3d Cir. 2015) ("[T]here is no private cause of action

under 18 U.S.C. § 1001."); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387

F. App'x 3, 4 (D.C. Cir. 2010) ("[T]here is no private cause of action for perjury, 18 U.S.C.

§ 1621 … ."); *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596, 596 (9th Cir. 2010)

("Dismissal of Rowland's claim[] brought under [18 U.S.C. § 1512] was proper because th[at]

statute[] do[es] not provide a private right of action."); *Banks v. Kramer*, 2009 WL 5526780, at

*1 (D.C. Cir. Dec. 30, 2009) ("Appellant alleges violations of 18 U.S.C. §§ 1001, 1503, 1505,

1621, and 241, but there is no private right of action under these criminal statutes."); *Andrews v.*

*Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("18 U.S.C. §§ … 1001 … and 1503 … are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."). Those claims accordingly are dismissed.

Szplett's fraudulent concealment claim (Count 19) purports to rest on a statute, 735 ILCS 5/13-215, that creates no cause of action. The statute instead provides a basis for extending the statute of limitations on certain claims where the defendant engaged in "affirmative acts or representations calculated to lull or induce a claimant into delaying filing of his or her claim, or to prevent a claimant from discovering a claim." *Orlak v. Loyola Univ. Health Sys.*, 885 N.E.2d 999, 1009 (Ill. 2007). Because Szplett alleges only that Defendants did not tell him that he had been replaced, Doc. 53 at ¶¶ 628-630, the statute does not extend the limitations period for any of his claims. *See Orlak*, 885 N.E.2d at 1009 (holding that "[m]ere silence on the part of the defendant is insufficient" to justify applying section 13-215).

### III. Fiduciary Duty, Tortious Interference, and Aiding and Abetting Claims

Szplett's breach of fiduciary duty claim (Count 15), conspiracy to commit breach of fiduciary duty claim (Count 16), a portion of the tortious interference with prospective economic advantage claim (Count 17), and aiding and abetting claim (Count 20) are dismissed on the merits. As to the fiduciary duty claim, Szplett does not plead any facts establishing that Mars, Kenco, or the individual defendants owed him a fiduciary duty, *see Patel v. Boghra*, 2008 WL 2477695, at *6 (N.D. Ill. June 18, 2008) ("An employer does not owe an employee a fiduciary duty simply because they have entered into an employer/employee relationship together.") (citing *Gross v. Univ. of Chi.*, 302 N.E.2d 444, 454 (Ill. App. 1973)), and the complaint alleges nothing suggesting that Hartford was implicated in any alleged breach of fiduciary duty. Because the breach of fiduciary duty claim fails, so too does the conspiracy claim. *See Anderson*

*v. Aon Corp.*, 2008 WL 4865574, at *7 (N.D. Ill. June 16, 2008) ("Under Illinois law, … a civil conspiracy claim cannot survive without a separate, predicate tort.") (citing *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994)).

Szplett appears to allege that his firing constituted tortious interference with his employment. But because he alleges that Mars and Kenco were his employers, Doc. 53 at ¶¶ 2-3, they cannot be liable for tortious interference with his employment. *See Ali v. Shaw*, 481 F.3d 942, 945 (7th Cir. 2007) ("[O]nly when the actions of a *third party* cause an employer to decide to fire an at-will employee, the third party might be liable in tort.") (emphasis added); *Trahanas v. Nw. Univ.*, 2017 WL 2880879, at *7 (N.D. Ill. July 6, 2017) ("Although a person can have a reasonable expectation in continuing their employment, the tortfeasor cannot be a supervisor or the employer—it must be a third party interfering with a relationship.").

The question is far more uncertain for Szplett's tortious interference claims against Lopez, Jabaley, Hise, Moore, Coffey, and Fowler. "An action for tortious interference cannot be maintained against a plaintiff's supervisor for actions undertaken in the supervisor's professional capacity and in furtherance of her duties unless the supervisor acted for the purpose of furthering her own interests or out of a desire to harm the plaintiff." *Thakkar v. Station Operators Inc.*, 697 F. Supp. 2d 908, 930 (N.D. Ill. 2010). Because the parties did not brief the issue, it is not clear whether Szplett has alleged that the individual defendants acted with the purpose or desire required to state a tortious interference claim. And because, as explained below, the court is dismissing all Szplett's federal claims, the court must decide whether to retain or relinquish its supplemental jurisdiction over this portion of Szplett's tortious interference claim. "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining [supplemental] state claims." *Williams v. Rodriguez*,

509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d

622, 631 (7th Cir. 2016).  That general rule has three exceptions: "when the [refiling] of the state

claims is barred by the statute of limitations; where substantial judicial resources have already

been expended on the state claims; and when it is clearly apparent how the state claim[s] [are] to

be decided." *Williams*, 509 F.3d at 404; *see also RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672

F.3d 476, 480 (7th Cir. 2012).  Substantial judicial resources have not yet been committed to this

claim, Illinois law provides Szplett one year to refile the claim in state court if its limitations

period expired while the case was pending here, *see Sharp Elecs. Corp. v. Metro. Life Ins. Co.*,

578 F.3d 505, 515 (7th Cir. 2009) (citing 735 ILCS 5/13-217), and—by contrast to Szplett's

other state law claims—it is not clearly apparent whether his tortious interference claim against

the individual defendants should be dismissed.  Accordingly, the court relinquishes its

supplemental jurisdiction over that portion of his tortious interference claim.

     Szplett alleges not that Hartford tried to oust him from his job, but that it "interfered with

[his] ability to receive … short term disability benefits."  Doc. 53 at ¶ 598.  Putting aside whether

such conduct could serve as a basis for a tortious interference claim, Hartford rightly observes,

Doc. 59 at 4-6—and Szplett does not dispute—that a tort claim based on the denial of disability

benefits is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1144(a).  *See Di Joseph v. Standard Ins. Co.*, 776 F. App'x 343, 347 (7th Cir. 2019)

("State-law civil claims involving employee retirement and welfare benefits (including disability

insurance) governed by ERISA are completely preempted by ERISA, with only a few narrow

exceptions.") (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)).

     Szplett's aiding and abetting claim purports to rely on the Illinois statute governing legal

malpractice, 735 ILCS 5/13-214.3.  That statute has no relationship to his claims, and Szplett

does not attempt to draw any connection.  Indeed, "there is no tort of aiding and abetting under Illinois law."  *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 452 (7th Cir. 1982).  Rather, "aiding and abetting is a theory for holding the person who aids and abets" others in committing a tort "liable for the tort itself."  *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006).  Without any other actionable tort, aiding and abetting cannot serve as a theory of liability for any defendant.

## IV.    Section 1981 and RICO Claims

The statute of limitations for Szplett's § 1981 (Counts 1-9, 12) and RICO (Count 21) claims is four years.  *See Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 891 (7th Cir. 2016) ("Section 1981 claims must be filed within four years of the alleged discriminatory act."); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("The statute of limitations for a civil RICO cause of action is a fairly generous four years.  It begins to run when the plaintiffs discover, or should, if diligent, have discovered, that they had been injured by the defendants.").  Because Szplett filed this case on April 12, 2019, more than four years after his March 29, 2015 termination, those claims can survive dismissal only if he (i) offers a basis for tolling the statute of limitations or (ii) points to post-termination conduct within the limitations period that provides a basis for liability.  He makes no effort to do so in contesting Hartford's motion, and unsuccessfully attempts to do so in contesting Mars Defendants' and Kenco Defendants' motions.

Szplett offers no response to Hartford's argument that Counts 4-6 and 8-9 contain no allegations that implicate it.  Doc. 59 at 8-9.  Nor does Szplett respond to Hartford's argument that his benefits-related § 1981 claims (Counts 1-3) accrued when his benefits were terminated around April 9, 2015, and that those claims are therefore untimely.  *Id*. at 4.  He thereby forfeits

any response to those arguments, and thus those claims.  *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court.  That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people.  If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted); *see also Boogaard v NHL*, 891 F.3d 289, 294-96 (7th Cir. 2018) (affirming the district court's holding that the plaintiffs forfeited their claims by failing to respond to the defendant's argument under Rule 12(b)(6) that they failed to state a claim). Because Szplett's remaining claims are either not directed at Hartford or already disposed of above, the complaint states no claim against Hartford.

Szplett appears to assert two new grounds for liability in his brief opposing Hartford's motion: (1) that Hartford is liable under a respondeat superior theory for the actions of Mars Defendants and Kenco Defendants, Doc. 69 at 3-6; and (2) that Hartford engaged in fraud when an unspecified person—who may or may not have been associated with Hartford—forwarded an incorrect job description to his physician, causing his benefits to be denied, *id*. at 6-8. Respondeat superior is a doctrine by which an employer may "be vicariously liable for an employee's torts" when the torts are "committed within the scope of the employment."  *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989).  As Hartford rightly notes, Doc. 71 at 5, Szplett does not allege that Hartford employed any of the other defendants, which means that Hartford cannot be held liable on a respondeat superior theory.

Szplett's other new argument against Hartford rests on an allegation of fraudulent

conduct, so it must "meet the heightened pleading requirements of Rule 9(b)."  *Roppo v.*

*Travelers Commercial Ins. Co.*, 869 F.3d 568, 589 (7th Cir. 2017).  "Rule 9(b) requires the

[plaintiff] to 'state with particularity the circumstances constituting fraud.'"  *Haywood v.*

*Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting Fed. R. Civ. P.

9(b)).  "That means that [the plaintiff] must specifically allege the who, what, when, where, and

how of the fraud."  *Ibid*. (internal quotation marks omitted).  Because Szplett acknowledges he

does not know "who sent [what] and when," Doc. 69 at 7, he cannot meet that requirement.

In opposing Kenco Defendants' motion, Szplett appears to argue that the statute of

limitations should be tolled because, at the time he was fired, he was "under doctor's care for

work related stress" and "his mental capacity was diminished" such that he could not

"reasonably understand, contemplate and assimilate what was actually occurring to him."  Doc.

67 at 8-9.  Szplett does not make clear on what theory his condition would excuse his untimely

filing, but the court construes it as an argument either to apply an exception to the discovery rule

or to give him the benefit of equitable tolling.  Neither argument persuades.

A limited "exception" to the discovery rule arises "where the very injury of which a

plaintiff complains prevents him or her from being aware of that injury."  *Barnhart v. United*

*States*, 884 F.2d 295, 298 (7th Cir. 1989).  Even assuming—quite generously—that Szplett's

"work related stress" stemmed from the injuries alleged in this case, that stress did not "prevent"

him from being aware of his injury.  The standard for applying the exception turns on the

plaintiff's "awareness or ability to comprehend" his injury, and has generally been applied in

extraordinary cases involving comas or lobotomies.  *Id*. at 298-99 (collecting cases).  That is far

afield from the condition Szplett alleges.

Nor does Szplett's condition provide a basis for equitable tolling. "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Knauf Insulation, Inc. v. S. Brands, Inc.*, 820 F.3d 904, 908 (7th Cir. 2016) (internal quotation marks omitted). Because "equitable tolling permits deferral of suit until the tolling event ceases and requires diligent action thereafter," Szplett's unexplained years-long delay in filing this suit bars his reliance on the doctrine. *Prime Eagle Grp. Ltd. v. Steel Dynamics, Inc.*, 614 F.3d 375, 379 (7th Cir. 2010) (holding, where the plaintiff "waited more than four years after" the claimed tolling period ended, that the plaintiff had "been anything but diligent and cannot use equitable tolling to justify the untimely filing"). Nor does suffering from "work related stress," without further explanation, suggest that Szplett was "prevent[ed] … from managing his affairs and thus from understanding his legal rights and acting upon them," as required for equitable tolling. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996).

Szplett also argues that he did not learn until August 2015 that he had been demoted at some point prior to his termination. Doc. 67 at 6, 10; Doc. 68 at 9. But Szplett does not allege that his pay, duties, or benefits were altered as a result of this alleged demotion, or that any tangible action whatsoever was taken as to his employment. It is not clear, therefore, how that "demotion" (or at least what Szplett refers to as a demotion) could give rise to any cause of action. Having failed to make any argument that the "demotion" is actionable, Szplett forfeits it as a basis for opposing dismissal. *See G & S Holdings LLC*, 697 F.3d at 538; *Alioto*, 651 F.3d at 721; *see also Boogaard*, 891 F.3d at 294-96.

Szplett also alleges that around April 15, 2015, he learned that Kenco had mischaracterized his job title during another individual's administrative proceedings. Doc. 67 at 9; Doc. 53 at ¶¶ 636, 691. Szplett does not provide the date on which the mischaracterization occurred, and neither his complaint nor his briefs make clear whether he offers that mischaracterization as a basis for tolling the statute of limitations or as an injury that occurred within the limitations period. But that uncertainty is immaterial. Because Szplett does not allege any consequence stemming from the alleged mischaracterization, which apparently took place during the course of a different individual's administrative proceedings before the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, Doc. 53 at ¶¶ 636, 691, the mischaracterization cannot provide the basis for any claim, let alone one within the relevant statute of limitations.

In addition to arguing for tolling, Szplett appears to argue that three events occurring after his termination and within the limitations period provide grounds for liability: the denial of his disability benefits, his March pay, and his severance pay. Doc. 67 at 9. Szplett claims that he was denied disability benefits, at the latest, around April 9, 2015—outside the four-year limitations period, as he filed suit on April 12, 2019. *Ibid.* Szplett contends that, because he learned from his doctor weeks after his termination that he had not been released to return to work, he could not have brought his disability-related claims earlier because he did not know they were based on mistaken health information. *Ibid.* But Szplett's briefs do not explain how Kenco or Mars could be liable for *Hartford's* decision to deny his disability benefits.

As for being denied March pay and severance, Szplett admits that the denial was communicated to him in an ultimatum in February, when he was informed that he would not receive either unless he agreed to severance conditions that he ultimately did not accept. Doc. 53

at ¶¶ 111-112, 116, 283, 688.  Even if those decisions took effect some weeks later, the statute of limitations began running when the adverse decision was communicated to him, not when he felt its effects.  *See Librizzi v. Children's Mem'l Med. Ctr.*, 134 F.3d 1302, 1306 (7th Cir. 1998) ("Suppose the employer says: 'Your job ends 12 months from today; start looking for work.' Does the statute of limitations begin to run immediately, or does the claim accrue only when the paychecks stop? … [I]t begins on the date the employee learns about the adverse decision— when the federal law was (or was not) violated—rather than when the financial consequences of the decision are felt.").

Szplett also briefly appears to advance something like a continuing violation argument in his response to Mars Defendants' motion.  Doc. 68 at 9-10.  But even if such an argument theoretically could apply here, it would require some actionable event within the limitations period that was a continuation of the prior violations.  *See Barrett v. Ill. Dep't of Corr.*, 803 F.3d 893, 898 (7th Cir. 2015) ("Under the 'continuing violation' doctrine, a … plaintiff may recover for otherwise time-barred conduct that is part of a single, ongoing unlawful employment practice if at least one related act occurs during the limitations period.").  The foregoing discussion establishes that no such event exists.  Accordingly, Szplett's § 1981 claims are time-barred.  And because he does not argue that his RICO claim rests on any distinct conduct within the limitations period, it is time-barred as well.

### Conclusion

Defendants' motions to dismiss are granted.  The court relinquishes jurisdiction over Szplett's tortious interference with prospective business advantage claims against Lopez, Jabaley, Hise, Moore, Coffey, and Fowler.  The dismissal of Szplett's other claims is with prejudice, as he already amended his complaint after the first dismissal and does not request

14

leave to further amend or suggest how another amendment might cure the defects identified by the present motions to dismiss. *See Haywood*, 887 F.3d at 335 ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects.  To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint.").  Judgment will be entered in favor of Defendants and against Szplett.

April 22, 2020

_____
United States District Judge

# Exhibit G

ILND 450 (Rev. 10/13) Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Leonard A Szplett,

Plaintiff(s),

v.

Kenco Logistic Services, LLC et al,

Defendant(s).

Case No.  19 C 2500
Judge Gary Feinerman

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
      and against defendant(s)
      in the amount of $          ,

          which ☐ includes          pre–judgment interest.
                ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
      and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒     other: :  Judgment is entered in favor of Defendants Kenco Logistic Services, LLC, et al., and against Plaintiff Leonard A. Szplett.  The court relinquishes its jurisdiction over Plaintiff's tortious interference with economic advantage claims against Defendants Lopez, Jabaley, Hise, Moore, Coffey, and Fowler. Plaintiff's other claims are dismissed with prejudice, and he is entitled to no relief on those claims.

---

This action was *(check one)*:

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge Gary Feinerman on a motion.

Date:   4/22/2020

Thomas G. Bruton, Clerk of Court

ILND 450 (Rev. 10/13) Judgment in a Civil Action

Case: 1:19-cv-02500 Document #: 82 Filed: 04/22/20 Page 2 of 2 PageID #:1465
Case: 21-2209          Document: 17          Filed: 08/18/2021          Pages: 78

/s/ Jackie Deanes, Deputy Clerk

# Exhibit H

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.2**
**Eastern Division**

Leonard A Szplett

                                        Plaintiff,

v.                                                     Case No.: 1:19−cv−02500

                                                       Honorable Gary Feinerman

Kenco Logistic Services, LLC, et al.

                                        Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, May 22, 2020:

      MINUTE entry before the Honorable Gary Feinerman:Motion for reconsideration [83] is denied. To the extent Plaintiff's motion presses arguments that he did not present in opposing dismissal, those arguments are forfeited. And forfeiture aside, the motion offers no grounds on which to reconsider the court's dismissal of Plaintiff's claims.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# Exhibit I



RECEIVED MO
6/28/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS

LEONARD A. SZPLETT, an individual,

     PLAINTIFF,

V S .

KENCO LOGISTIC SERVICES, LLC, a
TENNESSEE LIMITED LIABILITY
COMPANY, MARS, INC., The
HARTFORD, DAVID JABALEY, MARIO
LOPEZ, TAMMI FOWLER, PAULA HISE,
TRACE SPIER, ROBERT COFFEY, TODD
MOORE, JAY ELLIOTT, DAVID CAINES,
MICHAEL MANZELLO, DWIGHT
CRAWLEY, and KELVIN WALSH
     DEFENDANTS

Case No. 1:19 CV-02500 Judge:

Judge Gary Feinerman

Magistrate Judge: Young  B. Kim

## <u>NOTICE TO APPEAL</u>

    Notice is hereby given that Leonard A. Szplett, Plaintiff in the above named case, hereby

appeals to the United States Court of Appeals for the Seventh Circuit from the following orders

by the Honorable Judge Feinerman: (1) Order entered May 22, 2020, denying Plaintiff's Motion

for reconsideration on the Order entered on April 22, 2020, granting Defendants' motion.  Final

judgment on Defendant's motion for summary judgment was entered and filed with the Court on

May 22, 2020[1].

    Respectfully Submitted this 28 Day of June 202 by:

       *Leonard Szplett*

Leonard Szplett
3421 W. 1500 NW RD.
Kankakee, ILL 60901
815-212-3125
Stkbnd2000@aol.com

---

1   Plaintiff just became aware on June 22, 2021 of the order entered on May 22, 2020 denying his motion for
   reconsider to amend or alter judgement.  Plaintiff did not receive the order to timely move forward with his appeal.

CERTIFICATE OF SERVICE

Please take notice that on June 28,, 2021 I, Leonard A. Szplett, hereby do, certify  that I did file a

NOTICE OF APPEAL TO THE SEVENTH CIRCUIT COURT OF APPEALS and the

DOCKETING STATEMENT with the NORTHERN DISTRICT OF ILLINOIS in the foregoing

matter of Case No. 1:19 CV-02500 and have served the persons  identified on the docket's service

list through Notice of Electronic Filing  generated by the Court's CM/ECF system through the

Clerk's Office.

Leonard Szplett
3421 W. 1500 NW RD.
Kankakee, ILL 60901
815-212-3125
Stkbnd2000@aol.com

Exhibit J

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 29, 2021

**By the Court:**

| | |
|---|---|
| LEONARD A. SZPLETT, | ] Appeal from the United |
|     Plaintiff-Appellant, | ] States District Court for |
| | ] the Northern District of |
| No. 21-2209     v. | ] Illinois, Eastern Division. |
| | ] |
| KENCO LOGISTIC SERVICES, LLC, | ] No. 1:19-cv-02500 |
| et al., | ] |
|     Defendants-Appellees. | ] Gary Feinerman, |
| | ]    Judge. |

## O R D E R

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. In this case judgment was entered on April 22, 2020, and the order denying plaintiff-appellant's motion for reconsideration was entered on May 22, 2020, starting the time to appeal. The notice of appeal filed on June 28, 2021, therefore, is over one year late. The district court has not granted an extension of the appeal period, *see* Rule 4(a)(5), and this court is not empowered to do so, *see* Fed. R. App. P. 26(b). Accordingly,

IT IS ORDERED that appellant, on or before July 13, 2021, file a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction. A motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b) will satisfy this requirement. Briefing shall be suspended pending further court order.

NOTE:      Caption document "JURISDICTIONAL MEMORANDUM". The filing of a Circuit Rule 3(c) Docketing Statement does not satisfy your obligation under this order.

# Exhibit K

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

July 20, 2021

**By the Court:**

| | |
|---|---|
| LEONARD A. SZPLETT, | ] Appeal from the United |
| Plaintiff-Appellant, | ] States District Court for |
| | ] the Northern District of |
| No. 21-2209              v. | ] Illinois, Eastern Division. |
| | ] |
| KENCO LOGISTIC SERVICES, LLC, | ] No. 1:19-cv-02500 |
| et al., | ] |
| Defendants-Appellees. | ] Gary Feinerman, |
| | ]        Judge. |

<u>O R D E R</u>

The court, on its own motion, orders plaintiff-appellant Leonard A. Szplett to show cause for his failure to respond to the court's order of June 29, 2021.   Plaintiff-appellant Leonard A. Szplett shall file his response on or before August 3, 2021.

Appellant is advised that failure to respond may result in the dismissal of this appeal.

The clerk is directed to attach a copy of the court's order of June 29, 2021, to appellant's copy of this order.