Case No. 21-2209

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Leonard Szplett,
Plaintiff-Appellant,
v.
Kenco Logistics Services, LLC, a Tennessee Limited Liability Company, Mars, Inc., The Hartford, David Jabaley, Mario Lopez, Tammi Fowler, Paula Hise, Trace Spier, Robert Coffey, Todd Moore, Jay Elliott, David Caines, Michael Manzello, David Crawley, and Kelvin Walsh,
Defendants-Appellees.

---

Appeal from the United States District Court for the
Northern District of Illinois
The Honorable Gary Feinerman, Judge Presiding
Case No. 1:19-CV-02500

---

JURISDICTIONAL RESPONSE MEMORANDUM
RESPONSE BRIEF OF DEFENDANTS-APPELLEES,
MARS, INC., ROBERT COFFEY AND TODD MOORE

---

Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
Email:  tdavies@h-dlaw.com
           koverbaugh@h-dlaw.com
Attorneys for Defendants-Appellees
Mars, Incorporated, Robert Coffey and Todd Moore

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No:      21-2209

Short Caption:      Leonard Szplett v. Kenco et. al.

(1)      The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing the item #3): **Defendants-Appellees Mars, Inc. ("Mars" or "the Company"), Robert Coffey, Todd Moore (collectively "the Mars Defendants")**

(2)      The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: **Thomas R. Davies and Kimberly J. Overbaugh of Harmon & Davies, P.C., appeared for the above named Defendants at the District Court.**

(3) If the party or amicus is a corporation:

   (i)      Identify all its parent corporations, if any: None.
   (ii)     list any publicly held company that owns 10% or more of the party's or amicus' stock: None.

Attorney's Signature: s/ Thomas R. Davies   Date: August 18, 2021
Attorney's Printed Name: **Thomas R. Davies**

Are you *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d)?
**Yes.**

Address:      **Harmon & Davies, P.C., 2306 Columbia Avenue, Lancaster, PA 17603**

Phone Number: 717.291.2236

Fax Number: 717.291.5739

E-mail Addresses: tdavies@h-dlaw.com
                 koverbaugh@h-dlaw.com

i

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT……………………………….i

TABLE OF CONTENTS………………………………………………………………ii

TABLE OF AUTHORITIES……………………………………………………...iii

STATEMENT OF THE ISSUE………………………………………………………1

ARGUMENT………………………………………………………………………………1

    A. Any Motions for Extension of Time to File an Appeal Should Have Been Addressed to The District Court and Would Have Been Futile………………………………………………………........2

    B. This Court Is Not Authorized to Extend Time to File Appeal…………..4

CONCLUSION…………………………………………………………………………….5

FED. R. APP. P. 32(a)(7)(C)(i) CERTIFICATE OF COMPLIANCE……………7

CIRCUIT RULE 25 CERTIFICATION…………………………………………...8

CERTIFICATE OF SERVICE…………………………………………………….9

# TABLE OF AUTHORITIES

Cases                                                                                                     Page(s)

*McCarty v. Astrue*,
　528 F.3d 541 (7th Cir. 2008)……………………………………………….2

*Nutraceutical Corp. v. Lambert*,
　139 S. Ct. 710 (2019)…………………………………………………...5

Other Authorities

Fed. R. App. P.4………………………………………………………1, 2, 3, 4

Fed. R. App. 26(b)………………………………………………………….1, 4, 5

## STATEMENT OF THE ISSUE

Whether the Court should dismiss Szplett's appeal due to lack of jurisdiction because an appeal was not timely filed.

## ARGUMENT

On June 28, 2021, Plaintiff-Appellant Leonard Szplett (allegedly acting pro se) filed this appeal of the District Court's May 22, 2020, denial of his Motion for Reconsideration of the District Court's April 22, 2020, Order granting Defendants-Appellees Motions for Summary Judgement. Apparently recognizing that his appeal was clearly untimely, Szplett dropped a footnote claiming that he had only become aware of the District Court's denial of his Motion for Reconsideration six days earlier. On that same day, he also filed an appropriate Docketing Statement. By Order dated June 29, 2021, this Court directed Szplett to file a document to be captioned "Jurisdictional Memorandum" by July 13, 2021, specifically addressing the jurisdictional issues in light of Fed. R. App. P. 4(a)(5) and 26(b). Since Szplett failed to comply with this requirement, the Court issued a new Order dated July 20, 2021, directing that the Jurisdictional Memorandum be filed by August 3, 2021. On August 6, 2021, three days after the Court's already extended deadline, Szplett filed a five-page document titled "RESPONSE ON ORDER(s)," thus failing to comply with even the Court's remarkably simple directive regarding the appropriate captioning of the pleading.

1

### A. Any Motions for Extension of Time to File an Appeal Should Have Been Addressed to The District Court and Would Have Been Futile.

In his memorandum, Szplett outlined a virtually unbelievable series of alleged failures by the United State Postal Service to deliver documents sent to him by both the District Court and this Court. Without even addressing the most relevant issues raised by the Court in light of the above cited Federal Rules of Appellate Procedure, Szplett focused on the issue of excusable neglect and cited, among other cases, this Court's decision in *McCarty v. Astrue*, 528 F.3d 541 (7th Cir. 2008.) In *McCarty*, the Court found that the District Court had abused its discretion by granting a three-day extension of time to file the appeal because appellant's counsel had misunderstood the applicable rules regarding the time deadlines in light of electronic filing.

Szplett's attempted reliance on the doctrine of "excusable neglect" is misplaced for a number of reasons. Initially, it should be noted that Szplett never filed a Motion for an Extension of Time to file his appeal as required. Fed. R. App. P. 4(a)(5) provides:

(5) Motion for Extension of Time.

   (A) The **district court** may extend the time to file a notice of appeal if:

      (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires: and

> (ii) regardless of whether its motion is filed before or during the 30 days after the  time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause. (Emphasis added)

Thus, it is clear that any motion for an extension of time should have been addressed to the district court.  In any event, this section of the rules makes it very clear that any such motion must be filed within thirty days of the expiration of the original filing deadline.  Then, and only then, does the issue of excusable neglect come into play.  Furthermore, it is incumbent on parties to litigation to be reasonably diligent in monitoring the status of their case.  Throughout the course of this litigation, the District Court had timely and promptly addressed/decided all matters/motions raised by the parties. It strains credulity to think that Szplett did not contact the court or take some other action if he thought his Motion for Reconsideration had not been acted upon for many months.

Szplett's claim that he did not receive notice of the District Court's action would appear to give him potential grounds for filing a Motion to Reopen the Time to File an Appeal with the District Court.  Even if Szplett had filed such a motion pursuant to Fed. R. App. P. 4(a)(6), any such motion would nevertheless fail as well, since the rule provides:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The rule clearly provides that **all** three conditions must be satisfied, and since the order sought to be appealed was entered more than 180 days before Szplett sought review, the motion would necessarily have been denied.

### B.  This Court Is Not Authorized to Extend Time to File Appeal

In its Orders of June 29 and July 20, the Court specifically directed Szplett to address the limitations on the Court's authority as set forth in Fed. R. App. P. 26(b) which provides in relevant part:

> (b)  Extending Time. For good cause, the court may extend the time prescribed by these rules or by its order to perform any act or may permit an act to be done after that time expires. But the court may not extend the time to file:
>
> (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal;

It is not surprising that Szplett failed to address this issue. The language of this rule could not be clearer.  It is up to the District Court to make any initial decisions regarding extensions of time to file an appeal under Fed. R. App. P. 4 (a)(6) as previously discussed.  This Court has the ability to review a district court's

4

decision on any such extension request, but is not empowered to make such decisions ab initio. In a recent decision, the Supreme Court addressed this issue in another context. A unanimous Court held that:

> "[w]hile Appellate Rule 2 authorizes a court of appeals for good cause to "suspend any provision of these rules in a particular case," it does so with a conspicuous caveat: "except as otherwise provided in Rule 26(b)." Appellate Rule 26(b), which generally authorizes extensions of time, in turn includes this express carveout: A court of appeals "may not extend the time to file . . . a petition for permission to appeal." Fed. R. App. P. 26(b)(1). In other words, Appellate Rule 26(b) says that the deadline for the precise type of filing at issue here may not be extended. See *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710 (2019).

In light of this decision and the clear language of the rule, the Court simply cannot extend the time to file this appeal for even the most compelling reasons.

## CONCLUSION

For all of the reasons set forth above, it is respectfully suggested that the Court does not have jurisdiction to address the merits of this appeal since it is clearly untimely and the Court does not have authority to extend the time for filing.

<table>
</table>

Dated: August 18, 2021

**Mars, Incorporated, Robert Coffey and Todd Moore**

By: <u>/s/ Thomas R. Davies</u>
One of Their Attorneys

Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
Email:   tdavies@h-dlaw.com
            koverbaugh@h-dlaw.com

# FED. R. APP. P. 32(a)(7)(C)(i) CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C)(i), the undersigned certifies that the foregoing Brief for Appellee complies with the format and volume requirements of Fed. R. App. P. 32(a)(7)(A) and (B), and Seventh Circuit Rule 32. The brief is less than 30 pages and the word count feature of the word processor used to prepare this brief indicates this brief contains 1,653 words in combined text and footnotes, excluding Table of Contents, Table of Authorities, Rule 26.1 Certificate of Interest, and the Certificates of Compliance.

Dated: August 18, 2021                          **Mars, Incorporated, Robert Coffey and Todd Moore**

By: /s/ Thomas R. Davies
One of Their Attorneys

Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
Email:   tdavies@h-dlaw.com
         koverbaugh@h-dlaw.com

# CIRCUIT RULE 25 CERTIFICATION

  Pursuant to Seventh Circuit Rule 25, a digital version of this brief, in Portable Document Format (*.pdf), has been uploaded on August 18, 2021 to the Court's website at http://www.ca7.uscourts.gov and thus served on all counsel of record.

Dated: August 18, 2021          **Mars, Incorporated, Robert Coffey and Todd Moore**

                   By: /s/ Thomas R. Davies
                   One of Their Attorneys

Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236
Email: tdavies@h-dlaw.com
     koverbaugh@h-dlaw.com

# CERTIFICATE OF SERVICE

The Undersigned attorney hereby certifies that on August 18, 2021, the foregoing was filed electronically through the Electronic Case Filing System of the United States Court of Appeals for the Seventh Circuit and is available for viewing and downloading via the CM/ECF System, which will send Notice of such filing to all counsel of record, and certifies that a copy of the same has been served via UPS Overnight delivery and electronic mail to the following non-ECF participant:

    Leonard A. Szplett
    3421 W. 1500 NW Road
    Kankakee, IL 60901
    Stkbnd2000@aol.com

    Thomas R. Davies, Esq. PA #35260
    Kimberly J. Overbaugh, Esq. PA #85610
    HARMON & DAVIES, P.C.
    2306 Columbia Ave.
    Lancaster, PA 17603
    Tel. (717) 291-2236
    Fax (717) 291-2236
    Email:  tdavies@h-dlaw.com
           koverbaugh@h-dlaw.com
    Attorneys for Defendants-Appellees
    Mars, Incorporated, Robert Coffey and
    Todd Moore